HARLAN *v.* McGOURIN, MARSHAL.

GALLAGHER *v.* THE SAME.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

Nos. 378, 379. Argued October 11, 12, 1910.—Decided November 28, 1910.

The writ of *habeas corpus* cannot be used for purposes of proceedings in error; the jurisdiction under the writ is confined to determining from the record whether the petitioner is deprived of his liberty without authority of law. *Hyde* v. *Shine*, 199 U. S. 84; *Greene* v. *Henkel*, 183 U. S. 249, distinguished.

A collateral attack on the judgment under which petitioner in *habeas*

*corpus* proceedings is detained is only permitted where the objections if sustained would render the judgment not erroneous but void.

Under the statutes of the United States relative to the terms of the Circuit Court the term of court at which the petitioners were convicted was properly held.

Objections to the order impanelling the grand jury on the ground that the judge was not in the district at the time, although within his circuit, must be raised by proper pleas in the court of original jurisdiction; they cannot be raised on *habeas corpus* after conviction.

Objections that competent testimony was not presented to, or that the indictment under which petitioner was convicted was not regularly found by, the grand jury, cannot be made for the first time in a *habeas corpus* proceeding.

Where the sentence exceeds the authority of the court at most only the excess will be void; the legal portion of the sentence cannot be attacked on that ground in *habeas corpus* proceedings.

THE facts, which involve the validity of the conviction and sentence of the appellants, and the power of the court to review the proceedings on *habeas corpus*, are stated in the opinion.

Mr. *Wm. W. Flournoy* for appellants.

Mr. *Assistant Attorney-General Harr* for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

These appeals are from judgments rendered in the Circuit Court of the United States for the Northern District of Florida discharging a writ of *habeas corpus* and remanding the prisoners to the custody of the United States marshal.

The petitioners in the original *habeas corpus* proceedings, appellants here, were convicted in the United States Circuit Court for the Northern District of Florida of conspiring to hold, arrest and return one Rudolph Lanninger to a condition of peonage, in violation of § 5440

of the Revised Statutes of the United States.  The
offense of returning to a condition of peonage is defined
by § 5526 of the Revised Statutes.  Petitioners were
sentenced to imprisonment for different terms and to
pay pecuniary fines.

The record discloses that the original cases in which
appellants were convicted and sentenced were taken to
the Circuit Court of Appeals for the Fifth Circuit upon
writs of error, and the judgments of conviction affirmed.
Afterwards petitions for writs of certiorari to bring the
cases to this court from the Circuit Court of Appeals
were denied in this court, 214 U. S. 519.  Thereafter, the
prisoners being in the custody of the United States marshal
under the sentences imposed, filed their petitions for writs
of *habeas corpus*, and, the cases being heard in the Circuit
Court of the United States, a judgment was entered dis-
missing the writs.  180 Fed. Rep. 119.  The cases were
then brought here by appeal.

From this statement it will appear that the appellants
were convicted in a court of competent jurisdiction of the
alleged offense charged in the indictment; that a trial
was had before a court and jury, which was reviewed by
proper proceedings in error in the Circuit Court of Appeals
for the Fifth Circuit, and that this court declined to grant
a writ of certiorari to review the judgment of the latter
court.

The cases have been earnestly and elaborately argued
here by counsel for appellants, upon the theory that in a
proceeding of this character the court may inquire into
the facts put in evidence at the trial, at least so far as is
necessary to determine whether there was any inculpat-
ing testimony, and for that purpose may examine the
bill of exceptions, which is appended to the petition, and
which was originally taken for the purpose of bringing
the voluminous testimony in the cases into the record
in order that a review might be had by the appellate court.

It is contended that an examination of the bill of exceptions will disclose that the alleged conspiracy was not formed in the Northern District of Florida as laid in the indictment; that there is a total lack of evidence to connect the petitioners with any such conspiracy; that the petitioners (notably the petitioner Harlan) are not shown by any competent testimony to have been concerned in any overt act for the carrying out of the alleged conspiracy; that it is not shown that there is any condition of peonage in which Lanninger had been detained and to which he could be returned, in violation of § 5526 of the Revised Statutes of the United States. In other words, in this feature of the case this court is asked to review the testimony adduced at the trial, with a view to determining the lack of evidence in the record to support the verdict and judgment, although such matters were properly reviewable, and were in fact reviewed, in the error proceedings already referred to.

It is the settled doctrine of this court, often affirmed, that the writ of *habeas corpus* cannot be used for the purpose of proceedings in error, and that the jurisdiction under that writ is confined to an examination of the record, with a view to determining whether the person restrained of his liberty is detained without authority of law. *Gonzales* v. *Cunningham*, 164 U. S. 612, 621; *In re Schneider*, 148 U. S. 162; *Whitney* v. *Dick*, 202 U. S. 132, 136; *Hoy Toy* v. *Hopkins*, 212 U. S. 542, 548; *In re Wilson, Petitioner*, 140 U. S. 575, 582.

But it is contended that two recent cases in this court are authority for the proposition that in a collateral attack by a *habeas corpus* proceeding, while the weight of testimony cannot be examined into, the record may be investigated with a view of determining whether there is *any* testimony to support the accusation, and where there is an entire lack of evidence the court may order a discharge, and language to this effect is referred to in the

opinion in *Hyde* v. *Shine*, 199 U. S. 84, wherein the learned
justice, delivering the opinion of the court, said: "In the
Federal courts, however, it is well settled that upon
*habeas corpus* the court will not weigh the evidence,
although if there is an entire lack of evidence to support
the accusation the court may order his discharge."

That case was a proceeding in *habeas corpus* to attack
the validity of an order made under § 1014 of the Revised
Statutes of the United States for the removal of the peti-
tioner from the State of California to the District of
Columbia for trial upon an indictment found in the Dis-
trict. In that case it was contended that inasmuch as
§ 1014 requires proceedings for the removal of persons
from one district to another to be agreeable to the usual
mode of process against defendants in such State, and as
in the State of California where the prisoner was arrested,
the Supreme Court had held that the question of probable
cause of the prisoner's guilt might be considered upon
the writ of *habeas corpus* it necessarily followed that such
should be the course of procedure in the Federal courts.
In answer to this contention the language above quoted
was used. In so stating, the learned justice, speaking for
the court, was but affirming the rule well established
under § 1014, that there must be some testimony before
the commissioner to support the accusation in order to
lay the basis for an order of removal, otherwise the ac-
cused could be discharged upon *habeas corpus*, although
the court would not weigh the evidence where the record
shows that some evidence was taken. This was the con-
struction of § 1014 in *Greene* v. *Henkel*, 183 U. S. 249, 261.
In *Greene* v. *Henkel*, Mr. Justice Peckham, speaking for
the court, said: "There must be some competent evidence
to show that an offense has been committed over which
the court in the other district had jurisdiction, and that
the defendant is the individual named in that charge and
that there is probable cause for believing him guilty of the

offense charged." In the case of *Hyde* v. *Shine* the Justice was but declaring the rule, already recognized and enforced under § 1014 of the Revised Statutes.

So in the other case relied upon, *Tinsley* v. *Treat*, 205 U. S. 20, it was held, under the circumstances shown, that a prisoner would be released upon *habeas corpus* where the proceedings were under § 1014 of the Revised Statutes. It was held that while an indictment constitutes *prima facie* evidence of the offense, when the defendant offered to show that no offense had been committed triable in the district to which removal was sought, the exclusion of such evidence was not mere error, but a denial of a right secured under the Federal Constitution to be tried in the State and district where the alleged offense was committed, and therefore reviewable under *habeas corpus* proceedings. Neither *Hyde* v. *Shine* nor *Tinsley* v. *Treat* is authority for the proposition that a writ of *habeas corpus* can be made the basis of a review of the judgment of a court of competent jurisdiction where proceedings were had under a constitutional statute giving the court authority to examine into the charges and to convict or acquit the accused, when the proceedings show no attempt to exert the jurisdiction of the court in excess of its authority.

The learned counsel for appellants rely upon a number of cases which are said to warrant the court in *habeas corpus* proceedings in examining the bill of exceptions with a view to determining such matters as are herein presented. But an examination of these cases will show that where collateral attacks have been sustained through the medium of a writ of *habeas corpus*, the grounds were such as attacked the validity of the judgments, and the objections sustained were such as rendered the judgment not merely erroneous, but void. In *Ex parte Lange*, 18 Wall. 163, the court undertook to impose a second punishment where it had already exhausted its power in

imposing one of the alternative penalties allowed by law. In *In re Snow*, 120 U. S. 274, the record disclosed that it was sought to impose a second punishment for the same offense. In *In re Bain*, 121 U. S. 1, it was held that the court was without power to order an amendment of the indictment without a submission of the case to the grand jury, and that subsequent proceedings upon an indictment thus changed were without jurisdiction. In *Hans Nielsen, Petitioner*, 131 U. S. 176, it was held that the court exceeded its authority in undertaking to pass the particular sentence imposed. We find nothing in these cases to conflict with the well-established rule in this court that the writ of *habeas corpus* cannot be made to perform the office of a writ of error.

If such would be its effect then this court could readily be converted into an appellate court in criminal proceedings, a jurisdiction denied to it by the statute. No attack can be successfully made upon the right and authority of the Circuit Court of the United States to take jurisdiction of the offense charged in the indictment. No objection is made to the constitutionality of the statute or the right and authority of the court to consider and determine the guilt or innocence of the accused, and for that purpose to weigh and determine the effect of the testimony offered. The contention is that in the respects pointed out the testimony wholly fails to support the charge. The attack is thus not upon the jurisdiction and authority of the court to proceed to investigate and determine the truth of the charge, but upon the sufficiency of the evidence to show the guilt of the accused. This has never been held to be within the province of a writ of *habeas corpus*. Upon *habeas corpus* the court examines only the power and authority of the court to act, not the correctness of its conclusions. See, among other cases in this court, *Ex parte Kearney*, 7 Wheat. 38; *Ex parte Terry*, 128 U. S. 289, 306; *Davis* v. *Beason*, 133 U. S. 333;

*Ex parte Parks,* 93 U. S. 18, 22, 23; *Kaizo* v. *Henry,* 211 U. S. 146, 148.

We will proceed then to examine such of the objections as go to the authority of the court to try and sentence the accused. It is insisted that the trial in the Circuit Court of the United States at Pensacola, Florida, was without jurisdiction, because the trial took place when the court had no lawful authority to sit, as it was not held at any legal term of court. It is contended that the right to hold a term at Pensacola because of the proceedings disclosed in the record had ended before the accused were tried at the session beginning in November, 1906. It appears that the regular term of court at Pensacola commenced on March 3, 1906, continued in session until May 12, 1906. The clerk of the court testified that the court was in session in Tallahassee, held by the same judge as held the court at Pensacola, on May 13, 14, 15 and 16, 1906. It appears that the clerk was in the habit of using a rubber stamp for the purpose of evidencing the adjournments of the court, and also the adjournments from day to day when the court was not present. These adjournments appear to have been in accordance with a rule of the court, which provides that during the temporary absence of the judge the court shall be deemed open daily at each of the clerk's offices in the district for the transaction of business on the equity side of the court, and also for the filing of papers, and the transaction of business of a general character in court, and the clerk shall be present, in person or by deputy, and the record of the same shall be entered upon the minutes of the court.

Such adjournments were had from June 6, 1906, the last day the judge was present at Pensacola, until he returned to the Circuit Court for the Northern District of Florida in November, 1906, subsequent to which time the indictment, trial and conviction of the appellants took place. The argument of the appellants comes to this—

that as there was no legal adjournment of the term at Pensacola to a day certain when the court proceeded to hold the term at Tallahassee there was no legal authority to resume the sitting of the court at Pensacola in November, and consequently there was no legal term of the court at which the proceeding resulting in the conviction of the accused could be had.

But we cannot agree to this contention. The statutes of the United States provide for two terms of the United States Circuit Court for the Northern District of Florida, the one beginning on the first Monday of February at Tallahassee, the other the first Monday in March at Pensacola. 1 U. S. Comp. Stats. 531. Section 612 of the Revised Statutes provides that the Circuit Courts of the United States can be held at the same time in different districts of the same circuit. Section 672 provides that if neither of the judges of the Circuit Court be present to open and adjourn any regular or adjourned special session, either of them may, by a written order, directed alternatively to the marshal, and in his absence, to the clerk, adjourn the court from time to time, as the case may require, to any time before the next regular term. We think the purpose of the law was to provide for statutory terms of court for the Northern District of Florida, beginning on the first Monday of February and March respectively, which term should continue until the beginning of the next term, unless finally adjourned in the meantime. Such is the general and recognized practice in the Circuit Courts of the United States. *East Tenn. Iron & Coal Co.* v. *Wiggin,* 68 Fed. Rep. 446.

There was certainly no adjournment of the court for the term when the judge was absent holding court at Tallahassee, or was out of the State. There was an attempt at least to keep the court open pending the absence of the presiding judge by the adjournments in pursuance of Rule XIII.

Nor do we find anything in the objections made to the manner in which the record of the sessions was kept, which it is unnecessary to examine in further detail, it being sufficient to say that we think the court that sat in November, 1906, was legally in session, with authority to proceed against the accused.

It is next objected that the order for the impanelling of the grand jury was made by a judge of the Circuit Court for the Fifth Circuit, who, although within his circuit, was not within the district where the court was located when the trial was had. If there were otherwise merit in this objection, it certainly could not be made on *habeas corpus*. Such objections must be made by proper pleas filed in the court of original jurisdiction. *Kaizo* v. *Henry*; 211 U. S. 146, 149.

It is contended that competent testimony was adduced to show that the indictments were not properly presented by the grand jury, in that the one under which the accused was tried was not regularly found by the grand jury nor voted upon by them. Testimony was introduced to the effect that after the presentation of the original indictment the grand jury were informed by the district attorney that the indictment needed amendment in some particular, this amendment was read over in the presence of the grand jury, was incorporated into an indictment, the indictment was regularly returned into court, where it was produced with the consent of all the grand jurors. No objection was taken at the trial to the indictment for this reason, and upon proper pleas a trial and conviction were had; certainly an objection of that kind, if ever available, cannot be made for the first time in a *habeas corpus* proceeding.

It was objected in the court below that the original sentence exceeded the authority of the court, in that it required service at hard labor. Upon motion of the Government's counsel that much of the sentence was stricken

out. There is no contention that hard labor has been, or will be, imposed upon the appellants, and, at most, only that part of the sentence in excess of the law will be void. *United States* v. *Pridgeon*, 153 U. S. 48.

We find no error in the judgments of the Circuit Court in refusing to release the petitioners upon the writs of *habeas corpus*, and the same will be affirmed.

*Affirmed.*