## UNITED STATES v. RASMUSSEN et al.

### No. 1605.

Circuit Court of Appeals, Tenth Circuit.

March 31, 1938.

Daniel Dillon, Atty., Department of Justice, of Oklahoma City, Okl. (Wm. C. Lewis, U. S. Atty., of Oklahoma City, Okl., and Julius C. Martin, Director, Bureau of War Risk Litigation, and Thomas E. Walsh, Atty., Department of Justice, both of Washington, D. C., on the brief), for appellant.

Glenn O. Young, of Sapulpa, Okl., for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an action to recover on a' contract of war risk insurance. Plaintiffs prevailed and the government appealed.

A motion was filed in this court to strike the bill of exceptions for the reason that it was signed and settled after the adjournment of the term of court at which the judgment was rendered, and no valid order was entered extending the term for that purpose. The judgment was entered on May 29, 1936, during the regular term at Enid, Okl. Omitting reference to other terms, the regular term at that place begins on the first Monday in March of each year. 28 U.S.C.A. § 182. A certificate of the clerk attached to the motion recites that the term there in 1936 was adjourned sine die by order of the court on December 31, 1936. Three orders were entered purporting to extend the term for the purpose of filing the bill of exceptions in this case, such orders being dated March 30, June 22, and July 15, 1937, respectively; and the bill was settled and filed within the period fixed in the last order. A bill of exceptions must be settled during the term at which the judgment was rendered, or during an extension of such term for that purpose. The court is without jurisdiction to settle a bill after the term has expired or after an extension thereof for that purpose has passed. Michigan Insurance Bank v. Eldred, 143 U.S. 293, 12 S.Ct. 450, 36 L.Ed. 162; O'Connell v. United States, 253 U.S. 142, 40 S.Ct. 444, 64 L.Ed. 827; Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; United States v. Jones, 10 Cir., 78 F.2d 1005; Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91. A term of court does not automatically expire until the time fixed by law for the convening of the next term at that place, unless an order is entered expressly adjourning it sooner, even though terms may begin at other places in the meantime. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Continental Petroleum Co. v. United States, supra; Denver Live Stock Commission Co. v. Lee, 8 Cir., 18 F. 2d 11. The term at Enid was expressly adjourned by order of the court on December 31, 1936, and in the absence of such an order it would have expired on the first Monday in March, 1937, the time fixed by law for the convening of the succeeding term at that place. The three orders of extension purport to extend the term for the filing of the bill of exceptions, not the sealing and settlement of it. But treating them as extensions for the sealing and settlement of the bill, the first was not entered until March 30, 1937—after the expiration of the term at which the judgment was rendered—and the others followed at later dates. The court lacked authority or jurisdiction at such times to extend the term for that purpose. The orders were without effect; the motion is well taken; and the bill of exceptions is stricken.

The government contends that plaintiffs cannot recover because there was no disagreement. It was alleged in the original petition that a claim was presented to the Veterans' Bureau, and that it was disallowed by letters dated November 8, 1929, and January 11, 1930, respectively; and copies of such letters were attached to the pleading. It was alleged in the amended petition that a claim was filed, and that it was disallowed by the letter of November 8th; and a copy of the letter was attached. It was alleged in the second amended petition that numerous claims for payment were made by and on behalf of plaintiffs; that all papers and records pertinent to such claims were in the possession of the Veterans' Administration; that plaintiffs had made diligent effort to obtain copies of them without avail; that such claims were disallowed; that notice of the disallowance was transmitted to plaintiff Chris Rasmussen by letter dated November'

5, 1929; that the first page of such letter was attached to the pleading, but the second page had been lost and could not be attached; that the second page expressly denied liability; that the claim was again disallowed in the letter of November 8, 1929; and a copy of that letter was attached. It was alleged in an amendment to the second amended petition that the insured during his lifetime presented and filed with the Veterans' Administration a claim bearing date November 7, 1919, in which he advised that he claimed 100 per cent. disability from the date of discharge; and that on or about September 25, 1929, C. W. Burton, acting for and on behalf of the beneficiary and heirs of the insured, advised the Veterans' Administration by letter that Chris Rasmussen, the beneficiary, and the heirs desired to file a claim and requested blanks for that purpose. And in addition to these specific allegations, it was alleged in general language:

"That these and other letters and correspondence wherein words were used showing an intention to claim insurance benefits and alleging permanent and total disability at a time when a contract of insurance was in force, were written and delivered to the United States Veterans' Administration and/or Bureau of War Risk Insurance and/or Veterans' Bureau, which severally and together constituted claim for said insurance, which claim was denied in writing by employees and agencies of the Veterans' Administration authorized and empowered to allow and deny claims for insurance by the Administrator of Veterans' Affairs."

No answer was filed to the pleading. Its allegations went undenied.

Section 19 of the World War Veterans' Act 1924, as amended, 38 U.S.C.A. § 445, defines the term "claim" to mean any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits; and it defines the term "disagreement" to mean a denial of the claim by the Administrator of Veterans' Affairs or some one acting in his name. A disagreement is jurisdictional in an action to recover on a contract of war risk insurance. Wilson v. United States, 10 Cir., 70 F.2d 176; McLaughlin v. United States, 10 Cir., 74 F.2d 506. But whether it exists depends upon the facts. It will be noted that the general allegations in the amendment to the second amended petition followed almost verbatim the language of the statute; and, in the absence of an appropriate attack for objectionable generality, they were sufficient to charge the existence of a valid disagreement and to support proof thereof. The bill of exceptions having been stricken, it must be presumed with binding effect that substantial evidence was submitted showing that a valid jurisdictional disagreement existed.

The further contention is that the suit was filed too late. The pertinent part of section 19, supra, provides that no suit on a yearly renewable term insurance contract shall be allowed unless it be brought within six years after the right accrued or within one year after July 3, 1930, whichever is the later date; and that the period intermediate the filing of the claim and the rejection of it shall be excluded in computing the time. Since it is asserted here that the right of action accrued in 1919, the latter provision applies. It, therefore, was necessary that the suit be filed on or before July 3, 1931, and it was filed on the preceding February 19th. Chris Rasmussen, father of the insured, was the plaintiff in his individual capacity. He alleged that he was the beneficiary; that the insured was single throughout his lifetime and at his death; and that under the laws of Oklahoma, plaintiff inherited all of the property and estate of the deceased. Chris Rasmussen filed the amended petition in which it was alleged Christina Mikkelson Rasmussen was the mother of the insured; that she was dead; that Chis Rasmussen was the duly appointed, qualified, and acting administrator of the estate of the insured; that he was also the duly appointed, qualified, and acting administrator of the estate of the deceased mother; and that he sued individually and in both representative capacities. Chris Rasmussen, individually and in both representative capacities, and others as heirs at law of the insured and of his deceased mother, joined as parties plaintiff in the second amended petition. Sylvia Adams filed the amendment to the second amended petition on September 9, 1935, in which it was alleged that Chris Rasmussen died pending the suit; that she was the duly appointed, qualified, and acting administratrix of the estate of the insured; that she was the duly appointed, qualified, and acting administratrix of the estate of the deceased mother; that she was the duly appointed, qualified, and acting administratrix of the estate of the

deceased father; and that she sued in her several representative capacities.

The mother of the insured was the beneficiary named in the certificate of insurance. Some of the accumulated installments are due the estate of the insured and some are due the estate of the deceased beneficiary. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923. No part of them was due Chris Rasmussen in his individual capacity, and he was not entitled to maintain the suit in that capacity. The duly appointed personal representative of an estate to which such installments are due is the proper party to maintain an action for their recovery. United States v. Chavez, 10 Cir., 87 F.2d 16. But Chris Rasmussen was appointed as the personal representative of the two estates and he filed the amended petition in which he sued in such representative capacities. The date on which the amended pleading was filed does not appear in the record proper, and we are denied access to the bill of exceptions concerning the matter. For aught that appears in the record to which we have access, it may have been filed before July 3, 1931. But assuming that it was filed after that date, it did not modify or enlarge the facts upon which the cause of action was based; and it did not change the cause in such manner as to let in the defense of limitations. The change merely related to the capacity in which plaintiff sought to recover upon the same cause of action, and it related back to the institution of the suit. Lopez v. United States, 4 Cir., 82 F.2d 982; United States v. Powell, 4 Cir., 93 F.2d 788. The argument that the suit was not filed within the permitted time is untenable.

The judgment is affirmed.