816

### ERWIN v. HIATT, Warden.
### No. 157.

District Court, M. D. Pennsylvania.
Jan. 31, 1944.

Robert S. Erwin, pro se.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a Petition for a writ of habeas corpus. The petitioner, Robert Samuel Erwin, is a prisoner in the United States Penitentiary at Lewisburg, within the Middle District of Pennsylvania.

The petitioner alleges that he became a member of the armed forces of the United States by enlistment at Buffalo, New York; that he subsequently became absent without leave; that by reason of his absence without leave he was under the impression that he had been discharged from the United States Army; that because of his belief that he had been so discharged he also believed that he became subject to registration under the Selective Service and Training Act; that upon his arrest on or

about April 20, 1943, as a violator of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq., he entered a plea of guilty and was sentenced on June 7, 1943, in the United States District Court for the Western District of New York, to a term of imprisonment of one year and four months.

The petitioner further alleges that since he entered his plea of guilty and received the sentence of imprisonment referred to above, he has learned that at the time of his registration under the Selective Service and Training Act and also at the time he entered his plea of guilty and received imposition of sentence, he was still a member of the United States Army and, as such, was not required to register for service in the armed forces.

The petitioner, in support of his contention, has appended to his petition a photostatic copy of his discharge from the Army of the United States dated August 7, 1943.

Section 5 of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 305, provides: " * * * enlisted men of the Regular Army * * * shall not be required to be registered under section 2, (Section 302 of this appendix) and shall be relieved from liability for training and service under section 3(b) * * *."

To state the matter clearly, petitioner, upon the ground of after-discovered evidence, is asking in this court a retrial of the issue upon which he was convicted by the United States District Court for the Western District of New York.

The sufficiency of the evidence to support a conviction is not jurisdictional, and is not open to review in Habeas Corpus proceedings. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. This court does not have the power to review the evidence produced before the court in which the petitioner's plea was presented and by which Court the petitioner was sentenced. It is in the United States District Court for the Western District of New York that the petitioner must seek his remedy, or he may apply for Executive clemency.

And now, therefore, this 31 day of January, 1944, the petition for a writ of habeas corpus is dismissed and the writ denied.