[Crim. No. 3831.   Second Dist., Div. One.   Sept. 28, 1944.]

In re VIOLA WEDDERBURN, on Behalf of MRS. LILLIAN APGAR, on Habeas Corpus.

Chas M. Easton for Petitioner.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

YORK, P. J.—Mrs. Lillian Apgar, in whose behalf the instant proceeding in habeas corpus has been initiated, was charged in a complaint issuing out of the Municipal Court of the City of Los Angeles, with a misdemeanor, to wit: violation of section 43.30 of the Los Angeles Municipal Code (Ordinance No. 77,000), in that on April 12, 1944, she did wilfully and unlawfully "engage in and carry on the business of telling fortunes by means of psychic powers, prophecy, clairvoyance and magic. . . ."

The trial judge sitting without a jury found "defendant guilty of offense charged," and on May 31, 1944, imposed a fine of $150 as punishment for the offense. Defendant refused to pay such fine, whereupon she was remanded to the Chief of Police of Los Angeles City to be imprisoned in the city jail "in the proportion of one day's imprisonment for each . . . 3 dollars of the fine not otherwise satisfied . . . not exceeding 50 days. . . ."

Defendant petitioned the Superior Court of Los Angeles

County for a writ of habeas corpus and the appellate department of that court on June 19, 1944, rendered the following opinion and order: "We see no reason to doubt the constitutionality of the ordinance which is attacked by petitioner. The sufficiency of the evidence to support the conviction of the prisoner cannot be inquired into in this proceeding. The Writ is discharged and the prisoner, Lillian Apgar, is remanded to custody."

Thereafter a writ of habeas corpus issued out of this court on application of Viola Wedderburn, Secretary of California State Spiritualist Association, in behalf of Lillian Apgar, her petition averring: That said Lillian Apgar was and is a duly appointed, qualified and acting licentiate minister, as well as a member in good standing, of the Spiritualist Church of Revelation of Los Angeles, a duly organized religious body, and also assistant minister to Reverend Minnie Sayres, pastor of said Spiritualist Church of Revelation; that said Spiritualist Church is a chartered church under the authority and jurisdiction of the California State Spiritualist Association, a nonprofit organization incorporated under the laws of the State of California; that such association is in turn an auxiliary and affiliate of the National Spiritualist Association, a religious nonprofit corporation organized under the laws of the District of Columbia, which has general jurisdiction over all state associations and other Spiritualist Churches not under state association charters.

The petition further avers that Mrs. Apgar has fully complied with the Constitution and by-laws of the California State and the National Spiritualist Association, and that "mediumship, seership, clairvoyance, prophecy and psychic powers are, and always have been Religious or Spiritual functions of and peculiar to the Spiritualists' Religion, Philosophy, and Science, and practiced by Ministers, Pastors, Licentiate Ministers, and other accredited and Certified Mediums of the Spiritualist Religion, Science and Philosophy, and are Religious and Spiritual functions of such Spiritualist Churches."

That she (Mrs. Apgar) is exempted and immune from prosecution under section 43.30, *supra,* by virtue of the exemption provisions of section 43.31 of the Municipal Code of the City of Los Angeles; that no public offense has been com-

mitted by her and the said Municipal Court of Los Angeles is without power and has exceeded its jurisdiction in finding her guilty of the offense charged; that said section 43.30 is unconstitutional and void, insofar as it has been made to apply to the Spiritualists' Church, its religion, philosophy and science, and its spiritual functions and religious practices, and in direct derogation of her constitutional rights and violative of (1) section 1, First Amendment to the Constitution of the United States; (2) section 1, Article XIV of Amendments to the Constitution of the United States; (3) section 4, Article I of the California Constitution.

Section 43.30, Municipal Code (Ord. 77,000) reads as follows: ''Fortune Telling: No person shall advertise by sign, circular, handbill, or in any newspaper, periodical or magazine, or other publication or publications, or by any other means, to tell fortunes, to find or restore lost or stolen property, to locate oil wells, gold or silver or other ore or metal or natural product; to restore lost love or friendship or affection, to unite or procure lovers, husbands, wives, lost relatives or friends, for or without pay, by means of occult or psychic powers, faculties or forces, clairvoyance, psychology, psychometry, spirits, mediumship, seership, prophecy, astrology, palmistry, necromancy, or other craft, science, cards, talismen, charms, potions, magnetism or magnetized articles or substances, oriental mysteries or magic of any kind or nature, or numerology, or to engage in or carry on any business the advertisement of which is prohibited by this section.''

Those exempted from the provisions of section 43.30, *supra,* are defined in section 43.31, as follows:

''Fortune Telling—Exemptions: The provisions of the preceding section shall not be construed to include, prohibit or interfere with the exercise of any religious or spiritual function of any priest, minister, rector, or an accredited representative of any bona fide church or religion, where such priest, minister, rector or accredited representative holds a certificate of credit, commission or ordination under the ecclesiastical laws of a religious corporation incorporated under the laws of any state or territory of the United States of America, or any voluntary religious association, and who fully conforms to the rites and practices prescribed by the supreme conference, convocation, convention, assembly, association, or

synod of the system or faith with which they are affiliated. Provided, however, that any church·or religious organization which is organized for the primary purpose of conferring certificates of commission, credit or ordination for a price, and not primarily for the purpose of teaching and practicing a religious doctrine or belief, shall not be deemed to be a bona fide church or religious organization.''

While it is herein contended that section 43.30, *supra,* ''is unreasonable, unjust, unconstitutional and void as to the Spiritualists' Religion and church, in that it is an unlawful interference with the religious beliefs and practices carried on by Spiritualists in general, and with Ministers, Mediums and Licentiates of the church''; apparently the defendant Apgar relied in the trial court, as she does here, upon the fact that section 43.31, *supra,* exempted her from the provisions of section 43.30 rather than upon the fact that section 43.30 is void because it is in derogation of the constitutional guaranty of religious freedom. To say that section 43.30 is unconstitutional and void because it interferes with the practice of religion is to overlook the provisions of said section 43.31, *supra,* which expressly exempts from the operation of section 43.30, that class of persons who in the practice of their religion do the very acts prohibited thereby.

It is only when the evidence presented to the trial court establishes the fact that a defendant is a member of the exempted class defined by section 43.31 that such defendant is immune from prosecution. In the instant cause, it must be inferred from the judgment of conviction that the evidence satisfied the trial judge of the defendant's guilt beyond a reasonable doubt, and also that such evidence failed to establish that in doing the acts charged against her the defendant came within the exempted class defined by the last-mentioned section of the ordinance.

However, in this proceeding it is urged that ''this court has all the right and power to go behind the judgment and examine the evidence offered and received'' on behalf of defendant Apgar, which it is averred ''will show without a single doubt'' that she came squarely within the exemption provisions of section 43.31, *supra,* and that therefore ''the trial court was without jurisdiction to render the judgment of guilty and send her to jail.''

It was stated in *In re Bell,* 19 Cal.2d 488, 501 [122 P.2d

22]: "A petitioner seeking habeas corpus, however, is not confined to the face of the record in attempting to sustain the burden of proving that his conviction was in violation of his constitutional rights. The courts of both the United States and California have declared that the remedy of habeas corpus permits an examination not only of the actual evidence introduced at petitioner's trial but of any necessary additional evidence bearing upon the infringement of petitioner's constitutional rights. [Citing numerous authorities.] This examination is made, *not to pass upon the sufficiency of the evidence to support the verdict,* but to determine what the verdict actually was, so that the court may decide whether it violates constitutional guaranties." (Italics added.)

In a concurring opinion filed in the cited case, the following appears at page 506: "Generally speaking the scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. [Citation of authorities.] The writ may not be employed as a vehicle for the correction of errors or irregularities committed within the exercise of an admitted jurisdiction. [Citing authorities.] *Nor may it be used as a device to test the sufficiency of the evidence to warrant the conviction of the petitioner, a question properly addressed to the reviewing court on appeal.* (*Harlan* v. *McGourin,* 218 U.S. 442 [31 S.Ct. 44, 54 L.Ed. 1101]; *In re Jacobs,* 175 Cal. 661 [166 P. 801]; *In re Williams,* 183 Cal. 11 [190 P. 163]; *In re Stevenson,* 187 Cal. 773 [204 P. 216]; *Ex parte Drew,* 188 Cal. 717 [207 P. 249]; 13 Cal.Jur. 219.) These are traditional and fundamental principles from which there has been no departure, and although in recent times the concept of jurisdiction has been broadened upon habeas corpus, the question of the guilt or innocence of the petitioner is never a proper subject of inquiry." (Italics added.)

By the instant proceeding, petitioner in effect asks this court to examine the evidence for the purpose of determining whether it is sufficient to sustain a finding that Mrs. Apgar comes within the exception provided by section 43.31, *supra.* This involves the question of the insufficiency of the evidence to support the judgment, which should have been presented upon an appeal from such judgment. Defendant Apgar failed to take an appeal, but by the petition herein for

the extraordinary writ of habeas corpus, she unsuccessfully attempts to raise the question of the constitutionality of section 43.30, while at the same time she claims immunity therefrom by reason of the exemption provisions of section 43.31, —a perfect defense, if established. ■ Matters of defense, however, do not constitute grounds for issuance of the writ of habeas corpus and should be availed of in the lower court. "If the petitioner has violated none of the provisions of the act under which he is held . . . the defense must be presented to the court having jurisdiction of the cause and its decision is final against collateral attack. . . . even if the defense is pleaded and disregarded . . . such error cannot be reviewed or inquired into on habeas corpus, but must be corrected by appeal." (13 Cal.Jur. 238, 239. See, also, 39 C.J.S. 472, § 22.)

It would therefore appear that the principal problem presented by the instant proceeding is one that should have been determined upon an appeal from the judgment.

For the reasons stated, the writ is discharged and the prisoner remanded to custody.

Doran, J., and White, J., concurred.