**UNITED STATES v. KATZ et al.**

No. 11723 C. D.

District Court, M. D. Pennsylvania.

April 10, 1948.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for plaintiff.

Joseph M. McNerney and M. Edward Toner, both of Williamsport, Pa., for defendant Mendel Katz.

Charles J. Margiotti, and Samuel Goldstein, both of Pittsburgh, Pa., and Alphonse C. F. Kenowski, of Scranton, Pa., for defendant Ralph G. Mastriani.

William A. Gray, and Edwin P. Rome, both of Philadelphia, Pa., and J. Julius Levy, Edward Kelly and Paul A. McGlone, all of Scranton, Pa., for defendant Frank J. McDonnell.

Wallace G. Moser, of Scranton, Pa., for defendant Vincent D'Angelica.

FOLLMER, District Judge.

The indictment in this case was returned at Lewisburg, Pennsylvania, on March 4, 1948, by a duly constituted grand jury which had been drawn for what is commonly designated in the United States District Court for the Middle District of Pennsylvania as the January Term; it being the term of court commencing at

Lewisburg on the third Monday in January as provided by Section 103 of the Judicial Code, 28 U.S.C.A. § 184.

The juries, grand and petit, drawn for the said January Term at Lewisburg, were not adjourned sine die, nor did any special term of Court at Lewisburg intervene. On the completion of the work then before the Court, both juries, grand and petit, were excused subject to recall as necessity might arise.

The case was set for trial originally at Lewisburg on April 26, 1948; however, defendants having indicated their inability to be ready for trial on that date, the Court fixed May 3, 1948, since changed to May 10, 1948, at Lewisburg, as the time and place for trial.

Defendants have moved that the trial of this case be had at Scranton, Pennsylvania, in the Middle District of Pennsylvania, and in support thereof have assigned three reasons, which may be briefly summarized as follows:

1. Termination of the January Term at Lewisburg.

2. Inability to secure a fair and impartial trial at Lewisburg.

3. Deprivation of their constitutional right to a trial by a jury of the peers of their vicinage.

The argument that the January Term of Court at Lewisburg has terminated is without merit.

Defendants base their contention on the phraseology of the Act of 1936, as amended by the Act of 1938, 49 Stat. 1271, 52 Stat. 674, which has been incorporated in that portion of the Judicial Code which provides for the establishment of the various terms of court in the three judicial districts of Pennsylvania, all of which pertinent statutes have been codified as one section in 28 U.S.C.A. § 184.

The particular statute had reference to the establishment of additional terms of court in the Middle District to be held at Wilkes Barre. This statute contains this proviso:

"Provided, however, That all writs, precepts, and processes shall be returnable to the terms at Scranton and all court papers shall be kept in the clerk's office at Scranton unless otherwise specially ordered by the court, and the terms at Scranton shall not be terminated or affected by the terms herein provided for at Wilkes-Barre."

It is argued that if the Congress "* * * in passing the above set forth Statute had in mind that the other terms in the Middle District shall not be terminated by the next term at the place designated it would have said so in the Statute as it did for the Scranton Term. Its failure to do so in the same Statute and the same Section of the Judicial Code cannot be construed other than to mean that the term for Lewisburg was terminated and affected by the commencement of the term at Scranton on March 8, 1948," that the maxim "expressio unius est exclusio alterius" applied. This does not follow. The statute establishing the Wilkes-Barre term is, as above indicated, a separate and distinct enactment, and did not attempt to change the pre-existing situation, either by way of modification or limitation, as affecting the other then existing terms of court, nor as a matter of fact does the legislative history preceding its enactment evidence any such intention.

The maxim "expressio unius est exclusio alterius" requires great caution in its application, and in all cases is applicable only under certain conditions. Sutherland, Statutory Construction, Vol. 2, Par. 4917.

Enactments similar to the Wilkes-Barre statute have occasionally furnished ground for the contention, resting on the above maxim, that an intention to alter the general law (here the various statutes covering the establishment of the other seats of Court in the Middle District) was to be inferred from the partial or limited enactment; but the maxim is inapplicable in such cases. Endlich on the Interpretation of Statutes, Par. 374 at page 522.

As a principle of construction the maxim has no application where, as in the instant case, the statute merely affirms existing law, or where it clearly appears, again as in the instant case, that something was expressly mentioned merely because of caution. Crawford, Statutory Construction, Par. 195, at page 336.

■ Nor does the mere enumeration in one statute of certain provisions in another as not to be affected by it warrant an inference that all other existing provisions on the subject, not referred to in the enumeration, are repealed. Endlich, supra, Par. 398 at page 558.

The statute establishing the term of Court at Lewisburg is identical with that establishing the several terms of court in New Jersey. The interpretation of the New Jersey statute by the Court in United States v. Perlstein et al., D.C., 39 F.Supp. 965, affirmed, 3 Cir., 126 F.2d 789, applies with equal force to the present situation. See also Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann. Cas. 849.

■ I conclude, therefore, that the regular stated term of Court at Lewisburg, Pennsylvania, which commenced on the third Monday of January, 1948, has not yet been terminated and will continue until the next stated term at Lewisburg, on the third Monday of January, 1949, unless in the meantime an order of adjournment sine die be entered or a special term be commenced at that place.

■ Defendants further claim that they cannot have a fair and impartial trial at Lewisburg by reason of hardship, unavailability of witnesses, considerable and unnecessary financial loss to themselves and their witnesses and the unavailability of facilities to enable the proper preparation for trial and for procedural matters during the trial. In support thereof they cite United States v. National City Lines, D. C., 7 F.R.D. 393. That case is clearly distinguishable as it involved the removal for trial of a case, the basis of which took place chiefly in Chicago, Illinois, from Chicago to the Southern District of California. Here we are concerned not only with the trial of a case within the district in which the offence is alleged to have been committed but also in which at least three of the four defendants live. If many of the reasons assigned for the removal of the trial of this case to Scranton were to prevail it would in effect be the equivalent of disqualifying Lewisburg as a seat of the Court. It would constitute a nullification

of, and be directly in the face of, a specific Statutory designation that a term "\* \* \* of the district court shall be held \* \* \* at Lewisburg on the third Monday in January;" with the further proviso in the Statute that "The clerk of the court for the middle district shall maintain an office, in charge of himself or a deputy, at Lewisburg."

As to the other reasons assigned, pertaining chiefly to the fact that three of the defendants reside at Scranton, Pennsylvania, which is approximately 90 miles from Lewisburg, it must be borne in mind that there are many places within the Middle District of Pennsylvania which are located a much greater distance from any statutory seat of holding court within the Middle District, and the same is true of many other districts. To hold that it would be an undue hardship would in my opinion be setting a dangerous precedent.

■ Nor finally will it, as contended, "\* \* \* deprive him of his Constitutional Right to a trial by a jury of the peers of his vicinage."

The Constitution provides, Art. 3, Section 2, Clause 3: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the *State* where the said Crimes shall have been committed; \* \* \*." (Emphasis supplied) Amendment VI: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the *State* and *district* wherein the crime shall have been committed, which *district* shall have been previously ascertained by law, \* \* \*." (Emphasis supplied)

In support of this contention, defendants quote from Cooley's Constitutional Limitations. An examination of the text, however, discloses in the footnotes that as to offenses against the United States the terms "vicinage" and "district" are synonymous.

The comment in 50 C.J.S. Juries, § 8, page 721, is pertinent, that "In this connection, the term 'vicinage,' while subject to various definitions depending on the sense in which it is used, has been held to refer to an area corresponding with the terri-

torial jurisdiction of the court in which trial is had."

I find nothing in this case which differentiates it or calls for any deviation from the procedure generally followed within the district.

 Motion overruled and exception noted.[1]

---

[1] Exception has been noted at request of counsel, although in my opinion the same is unnecessary in view of the provisions of Rule 51 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.