McKINNEY v. FINLETTER, Secretary of U. S. Air Forces.

No. 4625.

United States Court of Appeals
Tenth Circuit.

June 25, 1953.

Darrell J. Skelton, Denver, Colo., for appellant.

Eugene W. Davis, U. S. Atty., and Robert H. Bingham, Asst. U. S. Atty., Topeka, Kan., on the brief, for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This appeal brings here for review a judgment of the United States Court for Kansas denying the petition of Orville McKinney, hereinafter referred to as petitioner, for a writ of habeas corpus to effectuate his discharge from further confinement in the United States penitentiary at Leavenworth, Kansas.

Article of War 92, 62 Stat. 627, 640, 10 U.S.C. (Supp. IV, 1946 Ed.) § 1564, now Uniform Code of Military Justice, arts. 118, 120, 50 U.S.C.A. §§ 712, 714, provides that any person subject to military law found guilty of murder or rape shall suffer death or imprisonment for life, as a court-martial may direct. Petitioner was charged with an offense under such article, was tried by a court-martial, was found guilty, and was sentenced to confinement at hard labor for the term of his natural life. In his petition for the writ of habeas corpus, petitioner attacked the validity of the sentence of the court-martial in its entirety on the ground that it was in excess of that authorized by law. The court dismissed the petition for the writ, and petitioner appealed.

It is fairly apparent that the petition for the writ was prepared by petitioner without the aid of counsel. Inartistically drawn, it failed completely to allege that petitioner had exhausted all remedies available to him under the Articles of War. The petition was completely silent in respect to that. And until a person convicted and sentenced by a court-martial has exhausted all remedies available to him under the Articles of War, he cannot proceed in a civil court to challenge in habeas corpus the validity of the sentence of the court-martial. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146; Spencer v. Hunter, 10 Cir., 177 F.2d 370, certiorari denied, Spencer v. U. S., 344 U.S. 869, 73 S.Ct. 112; McMahan v. Hunter, 10 Cir., 179 F.2d 661, certiorari denied, 339 U.S. 968, 70 S.Ct. 985, 94 L.Ed. 1376. But after exhausting all remedies which were available to him under the Articles of War, a person may be heard in a proceeding in habeas corpus in a civil court to assert that the sentence of the court-martial was void for lack of jurisdiction of the court to impose it, and that therefor the petitioner should be discharged from further confinement. Burns v. Wilson, 346 U.S. 137, 73 L.Ed. 1045. In the absence of an allegation in the petition that petitioner had exhausted all remedies available to him under the Articles of War, the case might well end here. But there is no suggestion from the respondent that the petition is defective in that respect, or that petitioner had failed to exhaust the remedies which were available to him under the Articles of War; and in the circumstances, we shall assume

that all such available remedies have been exhausted and therefore the portals of the civil courts are open to petitioner.

■ The judgment of the court denying the petition for the writ and remanding petitioner to the custody of the warden is challenged on the sole and single ground that Article of War 92 fixes the punishment for murder *or rape* at death or *imprisonment for life*; that it does not authorize a sentence of imprisonment at hard labor; that since the sentence which the court-martial imposed upon petitioner included a provision that he be confined for life at hard labor, it exceeded the punishment authorized by law; that for such reason the entire sentence was and is void; and that therefore petitioner is entitled to be discharged on habeas corpus from further confinement. But the contention is not well founded. It is a recognized doctrine of frequent enunciation that where a court has jurisdiction of the accused and of the offense charged, the imposition of a sentence in excess of that which the law permits does not render the authorized portion of the sentence void if the excess is separable from the residue and may be reached without disturbing the portion which is legal. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Harlan v. Mc-Gourin, 218 U.S. 412, 31 S.Ct. 44, 54 L.Ed. 1101; In re Welty, D.C., 123 F. 122; Salazar v. United States, 8 Cir., 236 F. 541; Spirou v. United States, 2 Cir., 24 F.2d 796, certiorari denied, 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006; McDonald v. Johnston, 9 Cir., 149 F.2d 768; Brewster v. Swope, 9 Cir., 180 F.2d 984.

[5] The court-martial was vested with unquestioned jurisdiction to sentence petitioner to imprisonment for life. The court-martial did not have jurisdiction to sentence him to confinement at hard labor. The part of the sentence providing for imprisonment for life was within the law and the part respecting confinement at hard labor was in excess thereof. The former was valid and the latter was void. But the two parts were and are separable. The infirmity of the latter may be adjudicated without disturbing the former. And since petitioner was

legally sentenced to imprisonment for the remainder of his natural life, he is not entitled to be discharged from further confinement even though the part of the sentence relating to confinement at hard labor was in excess of that authorized by law. United States v. Pridgeon, supra; Harlan v. McGourin, supra; Dodge v. United States, 2 Cir., 258 F. 300, 7 A.L.R. 1510, certiorari denied, 250 U.S. 660, 40 S.Ct. 10, 63 L.Ed. 1194.

The judgment is affirmed.