Marie PIERRE et al.,
Petitioners-Appellants,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1579.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1976.
Rehearing Denied Jan. 23, 1976.

---

Eric M. Lieberman, New York City (Michael Krinsky, Rabinowitz, Boudin & Standard, Ira Gollobin, New York City; Neal R. Sonnett, Donald I. Bierman, Miami, Fla., of counsel), for petitioners-appellants.

Robert W. Rust, U. S. Atty., C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., Rex Young, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

The genesis of this case is a petition for writ of habeas corpus by some 216 Haitian citizens who have been seeking relief from administrative Orders of Exclusion from the United States which were based upon a rejection of their claims of political asylum. In its parlous journey the writ was denied by the district court, on appeal the cause was re-

manded by this Court, and then remanded by the district court to the Immigration and Naturalization Service for further administrative proceedings which are still under way. The district court subsequently ordered a stay of expulsion of the petitioners pending their exhaustion of administrative remedies and opportunity to seek appellate review thereof. The petitioners-appellants then applied for a preliminary injunction to enjoin the Service from refusing to authorize their employment pending final administrative and judicial determination of their initial claim of refugee status pursuant to the United Nations Convention and Protocol Relating to the Status of Refugees. The district court found that it lacked jurisdiction to grant the relief and denied the application. We agree, although for different reasons, that the district court was without jurisdiction to entertain the application for temporary injunction and thus affirm.

Although appellants mount a broadside attack on the refusal of the district court to grant a preliminary injunction[1] we find it necessary to reach only the question whether, in a suit seeking habeas corpus relief, the court has jurisdiction under its general equity powers to entertain an application for a mandatory injunction to require collateral administrative action independent of, and unrelated to, the issue of the legality of petitioners' custody.

■ At the outset, we reject the reasoning of the district court for refusing to entertain the application for a preliminary injunction. Our views may be abbreviated because the government properly made no effort on appeal to support the basis of the district court's action. The district court relied on 8 U.S.C.A. §§ 1182(a)(14) and 1153(a)(6) which, *inter*

*alia,* prohibit certain aliens from seeking to enter the United States for the purpose of performing skilled or unskilled labor unless the Secretary of Labor has certified to the Secretary of State that they may so enter, and which establish the percentage of the total number of annual visas to be allotted to qualified immigrants seeking entry to perform skilled and unskilled labor.

■ The certification and quota systems by their terms do not apply to appellants. They do not seek entry "for the purpose of performing skilled or unskilled labor;" rather they seek entry as refugees to obtain political asylum based on a well founded fear of persecution in their homeland. The application of § 1182(a)(14) to those seeking political asylum would render the Convention meaningless as a practical matter with respect to those who are determined to have a refugee status since Article 17 of the Convention requires that:

> The Contracting States shall accord to refugees lawfully staying in their territory the most favorable treatment accorded to nationals of a foreign country in the same circumstances, as regards the right to engage in wage earning employment.

Thus the rights created by the Convention are unaffected by the limitations of Sections 1182(a)(14) and 1153(a)(6).

While disagreeing with the reasons assigned by the district court we support the result reached because in the proper context of a habeas action the district court had no jurisdiction to exercise its "equitable powers" to grant this mandatory interim relief.

■ Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole func-

---

I. The appellants argue (1) that the Service has the power to authorize employment of alien refugees seeking political asylum pursuant to the United Nations Convention and Protocol Relating to the Status of Refugees; (2) that the district court has the power to issue a preliminary injunction requiring the Service to authorize employment; (3) that the injunction should issue because the refugees have a

strong case and will, without interim relief, suffer irreparable harm; (4) that an injunction should issue in furtherance of the jurisdiction of the court; (5) that the Director of the Service abused his discretion in denying employment authorization; and finally, (6) that the denial of employment authorization violates the Convention and constitutes cruel and unusual punishment.

tion is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody. The Supreme Court has succinctly stated that

> Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.

*Fay v. Noia,* 1963, 372 U.S. 391, 430–431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837. *See, Preiser v. Rodriguez,* 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; *Peyton v. Rowe,* 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; *In re Medley, Petitioner,* 1890, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835.

■■ It is clear that "the jurisdiction under the writ is confined to an examination of the record, with a view to determining whether the person restrained of his liberty is detained without authority of law," *Harlan v. McGourin,* 1910, 218 U.S. 442, 445, 31 S.Ct. 44, 46, 54 L.Ed. 1101 and that the court has no power to entertain an application for the kind of injunctive relief sought by the appellants.

We find inapposite the cases relied upon by appellants in which the court had jurisdiction to order release from custody as a final disposition of the action and thus had inherent power to grant bail *pendente lite* pending determination of the merits, or in which an injunction was issued to preserve the court's jurisdiction because the cause otherwise could be rendered moot. The distinction between the traditional finite

principles involved in those instances and the novel open-ended principle sought to be established in this case is clearly evident. By way of illustrating the contrast in principles, we note that the district court here properly exercised its habeas jurisdiction to stay any exclusion of the petitioners from the United States *pendente lite.* Such injunctive relief was necessary to enforce the petitioners' right of liberty, and inhered in the question of custodial restraint upon liberty. The collateral relief now sought, on the other hand, is extraneous rather than intrinsic to the central question of legality of custody.

Finally, although appellants rather opaquely suggest that they sued in the alternative for declaratory and injunctive relief, the record discloses that no such relief was requested, nor was such a claim made to the district court. In short, the only matter presented below was a petition for a writ of habeas corpus and an application *in that action* for a mandatory preliminary injunction to require the Director of the Immigration Service to grant employment authorization to the appellants.

■ We must necessarily confine ourselves to only the issues presented to the district court. *D. H. Overmyer Co. v. Loflin,* 5 Cir. 1971, 440 F.2d 1213.

Affirmed.

GOLDBERG, Circuit Judge (specifically concurring:)

I am in full agreement with Judge Dyer's excellent opinion in this case. I wish to emphasize, however, a point not expressly stated therein. As I read the Court's opinion, its holding that habeas corpus is not the appropriate vehicle for the relief these petitioners seek does not foreclose the possibility of an independent action for declaratory or injunctive relief. Jurisdiction in such an action might lie under either 8 U.S.C. § 1329 or 28 U.S.C. § 1331.[1] The majority holds

---

1. Petitioners' utter failure to comply with the pleading requirements of Rule 8, Federal Rules of Civil Procedure, in their application for pre-

liminary injunction forces me to agree that the only possible jurisdictional basis in the case before us is under habeas corpus. The appli-

only that habeas has its boundaries; the writ does not permit us to roam the judicial range in a farfetched effort to grant declaratory or injunctive relief unrelated to the question of custody.

Nevertheless, although no custody or threat of custody can be read into the District Director's denial of employment authorization,[2] his action may well amount to a denial of rights guaranteed by a treaty or statute—an injury which a court of equity could redress. I add this concurring opinion simply to stress that the decision today does not preclude an independent action, properly plead and presented to the district court for adjudication.

cation itself is silent on the question of jurisdiction. It reads as follows in its entirety:

COME NOW the Petitioners, MARIE PIERRE, ET AL., and move this Honorable Court to grant a temporary restraining order and a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure based upon the attached affidavit of IRA GOLLIBIN, ESQUIRE, the Exhibits thereto, and the Memorandum of Law in Support of Application for Temporary Restraining Order.

Nowhere in this short paragraph is there a statement of the grounds of jurisdiction, as required by Rule 8(a)(1). The affidavit simply

sets out the factual basis for the application. The Exhibits and Memorandum do not appear in the record before us; therefore, we cannot rely on them to support independent jurisdiction. Furthermore, even if they were in the record, I seriously doubt whether a Memorandum of Law can be incorporated by reference in a pleading to correct pleading deficiencies.

2. Although petitioners fear that the practical result of the Director's denial will mean abandonment of the main action, their apprehension does not convert the case into one involving custody.