In the Matter of GEORGIA PANELING
SUPPLY, INC., Bankrupt.

INTERNATIONAL PAPER COMPANY,
Hampton Lumber Sales Company, White
Lumber Sales, Inc., Quinault Pacific
Corporation and Gold Rey Forest Prod-
ucts, Inc., Appellants,

v.

John C. PENNINGTON, Trustee, and
Aetna Business Credit, Inc.,
Appellees.

No. 79-1076
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1979.

Winford Kent Bishop, Atlanta, Ga., for
appellants.

Douglas L. Cronkright, C. Edward Dobbs,
R. William Ide, III, John C. Pennington,
Atlanta, Ga., for appellees.

Before GODBOLD, REAVLEY and AN-
DERSON, Circuit Judges.

PER CURIAM:

Appellants are five unsecured creditors of
the bankrupt, Georgia Paneling Supply, Inc.
Their current posture results from a denial
by the bankruptcy court of their Fed.R.
Civ.P. 60(b) motion seeking relief from a
judgment of that court approving a settle-
ment by the trustee and Aetna Business
Credit, Inc. ("Aetna"). On appeal, the dis-
trict court affirmed the bankruptcy court.
An earlier attempt to appeal to this court
failed when leave to appeal was denied. *In
re Georgia Paneling Supply, Inc.*, 581 F.2d

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

**118**

520 (5th Cir. 1978). Alleging judicial misconduct in the petition for rehearing, appellants then won leave to appeal and a vacation of the previous opinion. *In re Georgia Paneling Supply, Inc.*, 588 F.2d 93 (5th Cir. 1978).

The charges of judicial impropriety are that the bankruptcy judge demonstrated partiality, lacked judicial integrity, and made materially misleading statements. The bankruptcy judge is also alleged to have engaged in *ex parte* discussions with appellees and their counsel, permitted orders and an opinion to be drafted and typed by appellees or their counsel, and misrepresented the facts regarding this alleged misbehavior. Appellants also argue that the district judge's affirmance is entitled to no weight because he engaged in various acts of misbehavior.

A careful examination of the record, especially those portions cited by appellants, reveals no impropriety. The allegations of misconduct are unfounded.

Appellants also claim entitlement to relief pursuant to Fed.R.Civ.P. 60(b)(2), (3), and (6) for various other reasons. The petition for leave to appeal, which was denied earlier, focused upon alleged collusion between the bankruptcy judge, the trustee and counsel for Aetna. They now shift their attack under Rule 60(b)(2), and allege that Aetna wrongfully retained certain fire insurance proceeds and improperly seized collateral of the bankrupt. The facts surrounding both charges should have been known to appellants prior to the bankruptcy court's approval of the settlement. They do not constitute newly discovered evidence. Moreover, the claim that inventory collateral was wrongfully seized is improperly raised for the first time on appeal. *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976).

The request for relief under Rule 60(b)(3) is premised upon numerous allegations of misconduct by the trustee and Aetna. We find that the charges are either unsupported by the record or concern actions which did not prejudice appellants.

Finally, Fed.R.Civ.P. 60(b)(6) will not afford appellants any comfort. First, this theory was abandoned earlier in this suit and is not properly before us on appeal. Appellants' first petition for relief under Rule 60(b) was made to the district court and included a request for relief under Rule 60(b)(6). That court denied relief. Upon petition for reconsideration, the district court remanded to the bankruptcy court for a hearing on claims under Rule 60(b)(1), (2), and (3). Appellants never pressed a Rule 60(b)(6) claim after their initial petition in the district court until the instant appeal. *See Pierre, supra*. Moreover, the charges leveled under this final theory for relief are either conclusory or unsupported by the record.

For the foregoing reasons, the judgment of the district court is AFFIRMED.