**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 09-60056
Summary Calendar

FREDERICK BANKS

Petitioner-Appellant

v.

BRUCE PEARSON, Warden, Federal Institution; ERIC H HOLDER, JR, U S
ATTORNEY GENERAL

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-313

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frederick Banks, federal prisoner # 05711-068, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition. In the district court, Banks asserted
that because of his Native American heritage, he was subject to only the laws of
the States when not in an Indian territory. As a result, he contended that he
could not be convicted of a federal offense and his incarceration in the Bureau
of Prisons was improper. Banks contends that § 2241 is the proper vehicle for
this claim because it involves the execution of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To the extent that Banks's claim may be construed as a challenge to the conditions of his confinement, such an assertion is not properly presented under § 2241. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Additionally, the district court properly found that Banks's challenge was not to the execution of his sentence but to the validity of his conviction and sentence, which should be presented in a 28 U.S.C. § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Banks could proceed under § 2241 if he establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To show that § 2255 was rendered inadequate or ineffective in his case, Banks must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Banks is unable to satisfy this standard. Consequently, the judgment of the district court dismissing Banks's § 2241 petition as frivolous and for lack of jurisdiction is AFFIRMED.