## Stevenson *v.* Mellor.

*Party walls—Contracts—Construction—Affidavit of defense— Insufficient averments—Act of June 7, 1895, P. L. 135.*

1. The Act of June 7, 1895, P. L. 135, Section 9, governing the subject of party walls in cities of the second class, does not prevent a party sued to recover a proportion of the cost of a party wall from pleading payment or a release.

2. Where in an action by a property owner to recover from an adjoining owner, an agreed contribution toward the cost of a party wall, erected by plaintiff, it appeared that under the contract between the parties plaintiff was to pay the cost of shoring, an affidavit of defense which alleged that after paying the cost of, shoring, plaintiff had broken his contract by insisting upon the inclusion of this expense as part of the cost of the wall in the estimate and certificate issued by the superintendent of the bureau of building inspection, was insufficient to prevent judgment, as the defendant had been released from paying any part of the shoring by the contract and could not be prejudiced by the superintendent's certificate.

Argued Oct. 25, 1915. Appeal, No. 161, Oct. T., 1915, by defendants, from judgment of C. P. Allegheny Co., April T., 1915, No. 1446, making absolute rule for want of a sufficient affidavit of defense in case of William H. Stevenson v. Walter C. Mellor, George E. Mellor, and Charles A. Dickson, executors and trustees under the last will of C. C. Mellor, deceased. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on written contract.

Rule for judgment for want of a sufficient affidavit of defense. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The lower court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* was in making absolute plaintiff's rule for judgment.

*David E. Mitchell,* with him *Alvin C. Spindler,* for appellants.

*A. L. Large,* of *C. and A. L. Large,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1916:

This is an appeal from a judgment for want of a sufficient affidavit of defense.

The plaintiff averred in his statement of claim that he owned the lot, No. 604 Wood street, Pittsburgh, and the defendants owned the adjoining lot, No. 606; that in February, 1910, an old party wall stood upon the line between these two lots; that plaintiff had plans prepared for erecting a new four-story building on his lot, with a new and suitable party wall to replace the old one; that the defendants requested the plaintiff to change his plans and construct a wall of sufficient strength to support an eight-story building, at the same time offering to pay one-half the excess cost; that in answer to this proposition the plaintiff, by a letter dated March 2, 1910, offered "to accept $1,200.00 cash from the defendants and pay the cost of shoring," this amount to be allowed as a credit when use of the wall should be made by the defendants; that the latter, by letter dated March 4, 1910, accepted said alternative proposition, and agreed to pay the $1,200.00 "during the construction of said party wall"; that in pursuance of the contract thus created the plaintiff built the wall, completing it in December, 1910, but the defendants refused to pay the $1,200.00 called for by the agreement.

The affidavit of defense admitted the wall was built "in pursuance of the contract set forth in said letters"; but the defendants averred that the plaintiff, after paying $805.60 for shoring, had insisted upon the inclusion

of this expense, as a part of the cost of the party wall, in the estimate and certificate made and issued by the superintendent of the Bureau of Building Inspection. The defendants further averred that they had tendered the sum of $1,200 to the plaintiff on condition that this charge of $805.60 should not be included in the aforesaid official estimate, but that the tender had been refused; finally, that it was the understanding and agreement between the parties, "as evidenced by said letters," that "plaintiff was not only to pay the cost of said shoring, but the cost thereof......was not to be construed as a part of the cost of the said party wall for which the defendants were to pay when they made use of the said wall for additional stories."

In an opinion granting judgment to the plaintiff, the court below states that the facts set forth in the defendants' affidavit do not constitute a defense, because, when the defendants, or their successors in title, come to use the party wall, and the plaintiff, or his successors, seek to obtain one-half the cost thereof, the former will not only be entitled to a credit for the $1,200.00 if paid on the judgment, but they will also be entitled to an allowance of one-half of the $805.60 included in the official estimate, and at that time they will not be precluded by reason of the building inspector's certificate from claiming all credits allowed "in the agreement between the plaintiff and the defendants"; that this is a correct view of the case we shall endeavor to make plain, in the hope of avoiding possible future misunderstanding and consequent litigation.

Section 9 of the Act of June 7, 1895, P. L. 135, governing the subjects of party walls in cities of the second class, provides that the superintendent of the Bureau of Building Inspection shall ascertain the cost of such walls and determine the proportions to be paid by the adjoining owner or owners, "of which he shall give a certificate to the builder, which certificate shall be conclusive of all matters therein contained"; further, that

the owner or owners of the adjoining lot shall not use the wall until they pay to the first builder, "his heirs or assigns," the proportion of the cost of said wall "as fixed by said superintendent." The defendants call attention to this act of assembly and point to the official estimate and certificate annexed to their affidavit of defense, which latter, on their face, expressly purport to have been made under the act in question, and they contend that, when the plaintiff insisted upon having included in such estimate and certificate the cost of shoring, he broke the very contract upon which he subsequently brought action; therefore, they say, the plaintiff, having breached his contract, is not entitled to sue thereon, and hence they are not obliged to pay any part of the cost of the party wall until actual use is made thereof.

The defense being as just stated, it becomes necessary to construe the contract at bar and consider in connection therewith the Act of 1895, supra, in order to decide the present and future effect of their respective provisions; for, if the building inspector's estimate and certificate comprehend a conclusive adjudication that the defendants, or their successors in title, must in the future, when they come to use the party wall, pay one-half the cost of the shoring, then there is substance in the defendants' contention that the position taken by the plaintiff in insisting upon the inclusion of that item of expense in such estimate must be viewed as the first step in a breach of his contract to pay the entire cost of the shoring without recourse to the defendants, if such was his contract. While on the other hand, if the contract was merely that the plaintiff should pay the original cost of shoring, with the right to recover one-half thereof as part of the value of the party wall, when used by the defendants, or if the inclusion of such item of expense in the official estimate and certificate is not conclusive against the defendants, so as to compel payment on its account when the wall is used by them in the future, then there is no strength in the defendants' contention.

In Fritz v. Hathaway, 135 Pa. 274, 280, we state, through Mr. Justice MITCHELL, that "a judgment for want of a sufficient affidavit of defense is, in effect, a judgment on demurrer"; therefore, on a rule for such a judgment, all material averments of fact in the affidavit of defense that are sufficiently stated and relevant to the claim as averred in the declaration, are, in effect, admitted to be true for the purpose in hand, and, when the rule is made absolute, neither the plaintiff nor those claiming through him can, in any subsequent proceeding relating to the same subject-matter, deny the truth of the relevant, material facts thus established. Here the contract between the plaintiff and the defendants, as well as the building inspector's estimate and certificate, are established of record, for all of these writings are made part of the affidavit of defense; furthermore, the defendants therein aver it was agreed between the parties to the contract that the plaintiff should pay the original expense of the shoring without recourse to the defendants, and the written agreement shown by the two letters is not only susceptible of, but calls for that construction. The plaintiff's letter states, "I will accept cash payment of $1,200.00, and I will pay the entire cost of shoring, said payment of $1,200.00......to be allowed as a credit whenever they (defendants) make use of the present wall for additional stories and are compelled to pay one-half of the cost of the wall now to be erected," and the defendants' answer accepting this proposition, which is the last written word on the subject between the parties, expressly construes the plaintiff's letter to mean that the defendants are to pay, "during construction" of the party wall, the $1,200.00, and that the plaintiffs "are to bear all costs of whatever shoring, etc., may be made necessary." While the word, "pay," used in the plaintiff's letter, may be, to some extent, ambiguous, yet the synonym, "bear," in the defendants' reply, is in no sense uncertain; it reasonably can be taken to mean only that the plaintiff was not merely to be subject to, but was

permanently to sustain the expense in question; in other words, that the defendants were not at any time, or in any manner, to be asked to pay any part of the cost of the shoring. Hence, the written contract at bar, as we construe it, will operate, in effect, as a release from the plaintiff to the defendants, so far as the item covering the expense of the shoring is concerned, should the plaintiff, or his successors in title, ever sue on the building inspector's estimate and certificate. In considering the effect of these writings, it is not essential to decide whether, under the act of assembly, the official responsible for them had the abstract right to include expenses of shoring in figuring the cost of the party wall, nor is it necessary to determine how conclusive, in general, such an estimate and certificate are; for, assuming but not deciding, that they are as conclusive as the words of the act purport to make them, yet, that is only as to the cost of the wall. The act does not attempt to, and could not, prevent a defendant, when sued to recover a proportion of the cost of a party wall, from pleading payment or a release; this being so, the defendants' contract rights were in no way impaired by the inclusion of the cost of shoring in the official valuation.

To sum up our conclusions: the written contract between plaintiff and the defendants, in effect, releases the latter from payment of any part of the cost of the shoring, but it requires them to pay the $1,200.00 sued for during the course of the construction of the party wall; the defendants were not, and cannot be, prejudiced by the inclusion of the expense of the shoring in the official estimate and certificate, and therefore, the fact that the plaintiff insisted upon such inclusion was not a breach of contract on his part and constituted no adequate defense to this action; finally, since the other matters set up in the affidavit of defense have no merit, the judgment was properly entered.

The assignments of error are overruled and the judgment is affirmed.