BROWNE *v.* MERCHANTS CO.

(Division A. Sept. 25, 1939.)

[191 So. 58. No. 33753.]

**George B. Cowart,** of Brunswick, Ga., and **Edwards & Edwards,** of Mendenhall, for appellant.

Butler & Snow, of Jackson, and J. B. Sykes, of Mendenhall, for appellee.

**Griffith, J.,** delivered the opinion of the court.

In a collision between a passenger car driven by appellant's wife and a commercial truck driven by a servant of appellee, both the wife and a minor daughter of appellant were severely injured. An action was brought by the daughter, through her mother as next friend, for the injuries suffered by the daughter, which action was settled and compromised. Appellant, although not a party to that action, joined in the release executed as a result of this settlement, but the release carefully limited its terms to the damages suffered by the daughter, and to any right of action which appellant or the daughter had as regards solely the injuries inflicted upon the daughter.

After this settlement appellant instituted an action against appellee for damages for the loss of services of his wife, for medical and surgical expenses paid out for her, and for loss of society and consortium during her long disablement on account of the said collision, averred to have been caused by appellee's negligence. To the declaration appellee filed its first special plea in which the settlement and release in the former action by the daughter was set up, and the plea urged that by the collision but one cause of action accrued to the appellant, so far as he was concerned; that the damage to appellant on account of his daughter's injuries and the damage to appellant on account of the injuries to his wife were but separate items in one cause of action and that the full settlement and release by appellant on account of the injuries to the daughter precluded him from any action because of the injuries to the wife, as being in contravention of the rule against splitting causes of action. The court sustained the plea as being sufficient to bar the present action and dismissed the case; hence this appeal.

Appellee relies on Yazoo & M. V. Railroad Co. v. Payne, 92 Miss. 126, 45 So. 705; Kimball v. Railroad Co., 94 Miss. 396, 48 So. 230; Home Ins. Co. v. Tate, 117 Miss. 760, 78 So. 709, and Farmer v. Ins. Co., 146 Miss. 600, 111 So. 584. A careful examination of these cases will disclose that they

are not in point. In the present case appellant had never brought any previous action. Even if we concede—but which we do not decide—that appellant, so far as he was concerned, had only one cause of action consisting of two items, all he himself had done was to settle for one item and then sue for the other. Instead of being in contravention of the rule against splitting and of the principles of public policy upon which that rule is founded, it is in accord with the public interest that parties may settle between each other as to all items in controversy which they can settle, so that any suit between them may thereupon be limited to the remaining items; and in its last analysis that is all that the present case presents.

Let us take the Kimball case, supra, as an illustration. There plaintiff suffered the damage done his horse and wagon in the same collision wherein he was personally injured. He sued and recovered for the damage to his horse and wagon and in a subsequent action sought to recover for the personal injuries; and it was held that he could not maintain the subsequent suit, because he should have sued in the first action for all the damages—that he would not be allowed to prosecute two actions when the whole matter could have been settled in one suit. But had the parties made an amicable settlement, before any action in court between them, on the items of the damage to the horse and wagon, limiting the settlement to those items, it could not have been successfully contended that this settlement precluded an action for the personal injuries. The parties might have been able to agree on a settlement for the horse and wagon but unable to do so as to the personal injuries. Public policy would encourage them to settle before suit such items as they could, and then allow them to litigate as to the remaining items. If the rule were as contended for by appellee, parties could not settle any item in the same cause of action before suit, but would have to settle all or none; and this, we think, is clearly not the law. On the contrary, the applicable principle is found, for instance, in Wunderlich v. State Hwy. Comm., 183 Miss. 428, 442, 184 So. 456, and authorities there cited.

Reversed and remanded.