## SOMERS COAL CO. v. UNITED STATES.
### No. 19179.

United States District Court
N. D. Ohio, E. D.
Jan. 22, 1942.

See also 2 F.R.D. 532.

Olive Payne Deering and Baker, Hostetler & Patterson, all of Cleveland, Ohio, for plaintiff.

1010

E. B. Freed, U. S. Atty., of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This case was presented on the defendant's motion to dismiss and the plaintiff's motion for summary judgment. It was submitted on the pleadings, a stipulation of facts, and affidavit, and was argued by counsel. Briefs were also filed. The motion for summary judgment should first be considered and then the motion to dismiss.

The complaint seeks recovery of income and excess profits taxes assessed against and collected from the plaintiff for the year 1917, and is based on three causes of action. The first cause says that the determinations by the Commissioner of Internal Revenue of income, invested capital, and excess profits were incorrect. The second cause says the collection was unlawful because the plaintiff had not been given statutory notice of deficiency, and was thereby deprived of an appeal to the United States Board of Tax Appeals. And the third cause says that the collection was unlawful because barred by the statutory limitation.

The motion for summary judgment is based entirely on the third cause of action. It is admitted that the assessment of the tax was within the statutory period and that the collection was after the statutory period. The defendant bases its right to collect the tax after the statutory period on the fact that bonds were pledged with the Collector of Internal Revenue "to protect and indemnify" him from liability, because of his forbearance to collect the tax while the plaintiff undertook "appropriate proceedings with a view of procuring further consideration by the Bureau of Internal Revenue, of our tax liability and of having this additional assessment set aside."

■ This court is unable to sustain the motion for summary judgment because it is unable to agree with plaintiff's interpretation of the letter which accompanied the pledge of the bonds and which therefore formed the memorandum of agreement between the parties. This court cannot interpret the arrangement as merely an agreement to indemnify the Collector against personal liability. The plaintiff says the Collector was indemnified, "not against a claim, but against actual liability". But the agreement says, however, "to protect and indemnify", and to protect from liability is to forestall liability. The contention that the Bureau and Collector expressly consented to an arrangement which would not toll the statute of limitations, and intended at the time to make no claim against the bonds unless and until the Collector was first found personally liable, is not warranted by the deposit letter nor by the circumstances. It is incredible that the Collector would have consented to an arrangement requiring personal suit against him on his official bond before he would dare to take action against the bonds deposited with him. The bonds were deposited with the Collector as a pledge for the payment of the tax in case further consideration by the Bureau did not set aside the additional assessment. The deposit letter says in another paragraph, "by depositing these bonds with you as security", thereby indicating that they were pledged as security for the debt as well as against any personal liability. It is not reasonable to expect that the Collector would allow himself to be held personally responsible for failure to perform his official duty while he held in his hands the means of protecting himself against such liability.

■ The depositor of the bonds is not a surety; the depositor was the debtor. The debtor was asking time and offering security in order to obtain time. If the agreement is not construed strictly against the debtor, it ought to be given a reasonable construction for the protection of the Collector. Paraphrasing the language of the Supreme Court in United States v. Barth, 279 U.S. 370, 49 S.Ct. 366, 73 L.Ed. 743 (quoted in plaintiff's brief): The taxpayer has obtained its object by the use of the pledged bonds, it should not object to making good the contract by which it obtained the delay sought.

■ If it cannot be said that a pledge tolls the statute of limitations, the law is well settled that a pledge as security for payment may be retained even after action on the debt itself is barred. In this case

the statute of limitations would not bar the collection because the collection was, in effect, already made. It was provided for by the pledge of bonds, which were the equivalent of cash in hand. If the depositor intended the kind of indemnity agreement which plaintiff now contends for, it should have been expressly and clearly stated in the deposit letter. The plaintiff drafted it, and if it fails to state its intention it has no right to complain now.

■ It makes no difference how the Collector proceeded against the bonds, whether by distraint or by sale. He had a right to proceed in any manner to make the proceeds of the bonds available for the purpose of the pledge, i. e., to protect him from liability. Motion for summary judgment is overruled.

Coming now to a consideration of the defendant's motion to dismiss the complaint, what has already been said indicates a favorable ruling on the motion so far as the third cause of action is concerned.

Now as to the first and second causes of action, it is the judgment of the court that the motion should be sustained because of the ruling of the Court of Appeals of this Circuit in the case of Roby-Somers Coal Co. v. Routzahn, 100 F.2d 228. It seems highly improper for this court to attempt to set aside, modify, distinguish, or hold inapplicable the decision of the Court of Appeals for any of the reasons assigned by the plaintiff. Even though the defense of res judicata is not sustained, still the opinion in the Roby-Somers case is determinative of this case. It is authority with a very direct application. The assessment of the tax which is sought to be recovered in this case was based upon the same action held to be free from attack in that case. This company was a subsidiary or affiliate of the Roby-Somers Coal Company. The tax in both cases was based upon a consolidated return and a special assessment involving exercise of discretion.

The plaintiff contends that the Roby-Somers case is not controlling for five reasons: (1) That there has been a change in the law. (2) That this case raises a point not raised in the Roby-Somers case, i. e., that Section 210 was not intended to apply and could not apply to consolidated returns. (3) That the opinion in the former case assumed that the determination of the tax had been made by the proper application of Section 210 of the Revenue Act of 1917, 40 Stat. 307, whereas in this case that assumption is expressly denied, thus raising a question of fact as to which plaintiff is entitled to trial. (4) That the opinion in the former case was based upon the action of the taxing authorities under date of September 24, 1928, whereas the record in this case reveals that the taxing authorities abandoned that determination and assessment and decided to rely on the determination and assessment of March 24, 1924. (5) That the action of the taxing authorities under date of September 24, 1928 was taken with the clear purpose of defrauding the taxpayer and therefore in violation of law.

Plaintiff bases its contention No. 1 upon the decision in United States v. Gutzler, 9 Cir., 105 F.2d 188, which holds that the Commissioner is without power to act under Section 210 unless the Secretary of the Treasury has found such action necessary. But the opinion in that case seems to except from its operation a case where the taxpayer itself proposes that the Commissioner invoke Section 210: "The taxpayer having itself invoked section 210 by seeking an assessment under its terms, it was estopped to make the contention as to 'the want of action by the Secretary." 105 F.2d page 192.

Since the opinion in the Roby-Somers case states [100 F.2d 230]: "The taxpayer complained and requested relief under § 210 of the 1917 law", the decision of that case falls within the exception recognized in United States v. Gutzler, supra. The plaintiff herein contends that the taxpayer did not request such action by the Commissioner, and supports this contention by arguing that the request of the affiliated companies, including this taxpayer, for the application of Section 210, as shown in the record of the Roby-Somers case, was made inadvertently or through misunderstanding of the law and confusion of thought regarding relief to be given under the Act of 1917 and the Act of 1918. In view of the broad findings and clear lan-

guage of the opinion in the Roby-Somers case, this court declines to revive that issue. What the opinion states regarding the 1918 Act (100 F.2d page 233), seems to dispose of the plaintiff's contention "that the substance of the letter showed it was based upon the then common blunder of supposing that the relief given by the Act of 1918 to hard cases could also be given under the 1917 Act." The record discloses that the taxpayer was granted special assessment, was so notified and, according to the opinion, was denied review by a court of law, for that very reason. This court declines to consider a different interpretation of facts or law.

■ As to contention No. 2, this court declines to hold that Section 210 is not applicable to consolidated returns because the Court of Appeals of this Circuit held such section applicable and in its opinion expressly recognized that there had been a consolidated return.

Neither can this court look with favor upon contention No. 3. The plaintiff's denial that the tax was determined under Section 210 of the Act of 1917 is based upon an assumption of a "common blunder of applying the 'average rate' provision authorized by the Act of 1918." But the legal issue raised by that assumption seems to this court to have been answered in the Roby-Somers case.

As to contention No. 4, it is this court's opinion that in spite of the fact that the tax sought to be recovered in this suit was based upon the action of the tax authorities of March 24, 1924, the rulings in the Roby-Somers case are determinative of the issues raised in this case.

■ And as to contention No. 5, this court does not find that the action of the tax officials of September 24, 1928 was made with the purpose of defrauding the taxpayer out of legal rights. The assessment was made March 24, 1924. The taxpayer asked for time to have the tax reviewed by the Bureau. The report of the Bureau in September, 1928 failed to set aside the assessment made in 1924. The taxing authorities determined to stand upon the assessment already made. It was within their legal right to do so. The assess-

ment made in 1924 was within the statutory limitation. There was no reason to abandon that assessment and attempt to make another one which it was believed would be subsequent to the statutory limitation. The taxpayer had repeatedly asserted the expiration of the limitation. (Letters of June 9 and October 18, 1927). At the time the assessment was made in 1924 the taxpayer had no right of appeal to the Tax Board. No obligation rested upon the Collector to make a new assessment in 1928 and issue a new notice in order to create a right of appeal. His refual to do so does not reveal a wicked purpose. Since the only tax thought to be collectible was the amount already assessed with interest, it would have been worse than useless to make a new assessment. It seems clear to this court that the review by the Bureau having failed to set aside the tax determined in 1924, there was no obligation to make another determination and assessment under the Acts of 1926 and 1928, 26 U.S.C.A.Int. Rev.Acts, pages 145 et seq., 345 et seq. New Jersey Worsted Mills v. Gnichtel, 3 Cir., 116 F.2d 338.

■ The action of the taxing authorities involved in the Roby-Somers case was under date of September 24, 1928, and the action of the taxing authorities involved in this case was under date of March 24, 1924. But the action in both cases was based on or involved the consolidated tax return made by the Roby-Somers Company, the Somers Coal Company, and other affiliated companies, and was further based on or involved the special assessment proceedings requested by the Roby-Somers Coal Company, the Somers Coal Company, and their affiliates, January 30, 1924. The Court of Appeals of this Circuit has held that the special assessment proceedings involved discretionary determination and has said: "If one factor in computation of a tax is committed to discretionary determination of Commissioner, then neither factor nor result in tax determined or collected may be judicially reviewed."

The decision in Roby-Somers Coal Co. v. Routzahn, 6 Cir., 100 F.2d 228, is the law of that case, and that case and this case are very closely related. A careful

consideration of the pleadings, the record, the stipulation, and arguments of counsel fails to convince this Court that it would be justified in making any ruling in this case at variance with the judgment of the Court of Appeals.