**B & G ELECTRIC COMPANY, Appellant,**

v.

**G. E. BASS & COMPANY, Inc., Appellee.**

No. 16936.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1958.

Rehearing Denied April 1, 1958.

L. A. Smith, Jr., Holly Springs, Miss., Robert L. Taylor, Memphis, Tenn., for appellant.

Chester L. Sumners, Oxford, Miss., Will A. Hickman, Oxford, Miss., of counsel, for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

Liability vel non of the appellant under an indemnity contract for a $2,-000.00 attorney's fee incurred by the appellee is all of the present controversy that remains to be decided.

The appellant, B & G, was the electrical work subcontractor under the appellee, Bass, the prime contractor, for the construction of a building at Grenada, Mississippi. The case turns upon the indemnity provision of the subcontract which reads as follows:

"The Sub-contractor shall protect and indemnify said Contractor against any loss or damage suffered by any one arising through the negligence of the Sub-contractor or those employed by him, or his agents or servants; he shall bear any expense which the Contractor may have by reason thereof, or on account of being charged therewith; and if there are any such injuries to persons or property unsettled for when the work herein provided for is finished, final settlement between the Contractor and Sub-contractor shall be deferred until such claims are adjusted or suitable special indemnity acceptable to the Contractor is provided by the Sub-contractor."

James R. Henderson, an employee of the subcontractor, B & G, was injured on the job. He collected workmen's compensation from the insurer of B & G, and thereafter brought a common law action for damages against the prime contractor, Bass, charging negligence on the part of Bass. Bass in turn impleaded B & G as a third party defendant under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., alleging that negligence on the part of B & G was the sole proximate cause of Henderson's injury, and invoking the indemnity provision of the subcontract. B & G denied the charge of negligence on its part and filed a counterclaim against Bass for a balance of $26,181.83 due under its subcontract. The amount of that balance was not denied except for the claimed liability of B & G to indemnify Bass for the attorney's fee incurred in defending the action brought by Henderson.

Henderson's action against Bass was tried separately to the court without a jury and resulted in a judgment for the defendant from which no appeal was prosecuted. The court found that Bass was "guilty of no negligence of any kind."

Thereafter, upon hearing the counterclaim of B & G for the balance due it and the offsetting counterclaim of Bass

for indemnity for the attorney's fee, the court awarded B & G the balance due it less, however, the sum of $2,000.00 awarded to Bass as attorney's fee incurred in defending the tort action. The court found as a fact that the sole proximate cause of Henderson's injury was the negligence of the subcontractor B & G.[1]

Judgment was entered for B & G in the reduced sum of $24,181.83. B & G had execution issued and Bass paid to B & G that amount, the check reciting that it was "in full settlement of judgment * * *."

█ The appellee, Bass, insists that B & G, having accepted the part of the judgment in its favor, cannot take and prosecute an appeal from the part of the judgment adverse to it. The answer to that insistence is that B & G was entitled to that much of its demand in any event, irrespective of the outcome of the appeal.[2]

Appellant B & G presents four propositions:

1. Since Henderson's suit against Bass was based upon the theory that he was injured as the result of negligence on the part of Bass and not as the result of negligence on the part of B & G, can B & G be liable for indemnity for the attorney's fee incurred in defending that suit? As has been stated, the district court found that factually Bass was guilty of no negligence, and that the

negligent act charged to Bass was committed by B & G resulting in Henderson's injury. It follows that the negligence of the subcontractor B & G caused Bass to incur the attorney's fee to defend Henderson's suit. The terms of the indemnity agreement are broad enough, we think, to cover expenses incurred by reason of the negligence of B & G, even though the injured party erroneously ascribed such negligence to Bass.

2. Appellant insists that, since the district court found in favor of Bass as against Henderson, Bass needed no further protection. Bass had, however, incurred the expense of the attorney's fee to defend Henderson's action, which was based, in fact, upon a negligent act committed by B & G. Bass needed to be protected or indemnified for that attorney's fee.

█ 3. The agreed statement of the case upon which this appeal is submitted[3] does not show payment by Bass of the attorney's fee. Is the contract one strictly for indemnity, upon which judgment can be awarded only after actual payment?

"Where the contract is strictly one of indemnity, that is, one against loss or damages, the indemnitee cannot recover until he has made payment or otherwise suffered an actual loss or damage, against which the covenant runs; * * *."

1. "The Court further finds that the sole proximate cause of the injury in this case was the negligence of the B & G Construction Company in removing the safety precautions which had been put there and knowingly, sending a man into a dangerous place to work.

"Granting for the sake of argument, not actually of course, but just for the sake of argument, the contention that there was on Bass and McQuay (the owner) the duty to furnish a reasonably safe place to work, the Court holds that they complied with that duty when they erected this barrier as it has been referred to here, and put up signs, which everybody has testified in this case said made it a reasonably safe place to work, particularly for skilled electricians.

"The record shows that B and G Construction Company for their own purposes and nobody else's, tore that barrier down, although there is some dispute as to when it was done. I think from the preponderance of the testimony it indicates that it was done very shortly before the accident happened, either the afternoon or morning before the accident."

2. See Gilfillan v. McKee, 159 U.S. 303, 311, 16 S.Ct. 6, 40 L.Ed. 161; Kaiser v. Standard Oil Co., 5 Cir., 1937, 89 F.2d 58, 59; 2 Am.Jur. Appeal & Error, § 215; 4 C.J.S. Appeal & Error, § 216 (c).

3. See Rule 76, Federal Rules of Civil Procedure.

42 C.J.S. Indemnity § 14 c, p. 589. See also 27 Am.Jur. Indemnity, § 21, p. 470.

A careful reading of the indemnity provision of the contract shows that B & G agreed both to "protect and indemnify"[4] Bass "against any loss or damage suffered by anyone arising through the negligence of * * *" B & G. There was no prerequisite that the "loss or damage" should be sustained by the indemnitee, Bass, but the "loss or damage" might be suffered "by anyone", including Henderson. Further, B & G agreed to "bear any expense which the contractor may have by reason thereof, or on account of being charged therewith." "Bear any expense" meant that B & G was not only to pay but was permanently to sustain any expense.[5] "Any expense" includes, of course, attorney's fees.[6] There is no condition attached to the obligation to bear such expense. As to the words "may have," in ordinary usage a person "has" an expense when it is incurred. The phrases "by reason thereof, or on account of being charged therewith" refer back to "any loss or damage suffered by any one arising through the negligence of * * *" B & G. Bass had the expense of the attorney's fee by reason of Henderson's injury which arose through the negligence of B & G. Further, Bass had that expense on account of being charged with a negligent act in fact committed by B & G which had resulted in Henderson's injury. We think that, both within the literal language of the indemnity provision and according to the intention of the parties, there was no requirement that the attorney's fee be actually paid before B & G could be called on to carry out its contract. Compare Dickson v. United States Fidelity & Guaranty Co., 1928, 150 Miss. 864, 117 So. 245, 247–248.

4. Finally, the appellant calls attention that, according to the written contract, the indemnitee was a *partnership* styled G. E. Bass & Company, while judgment was rendered in favor of G. E. Bass & Company, Inc. Appellee's counsel states that he is "frankly surprised." "This is our first knowledge or any intimation of error in the names of parties. The question was never raised in the trial court and never called to the trial court's attention." In response, the best that appellant's counsel can do is to quote from the points relied upon as expressed in the agreed statement of the case on appeal.[7] Those quotations do not pin point the discrepancy. There is no showing that either the district court or opposing counsel were fairly apprised upon the trial. If that had been done, it is probable that the discrepancy might have been removed by amendment or otherwise, for there was but one prime contractor whether a partnership or incorporated. Cf. Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27. The question cannot be raised for the first time on appeal. United States v. Sinor, 5 Cir., 1956, 238 F.2d 271, 277.

Even more conclusive is the fact that the agreed statement of the case on appeal refers to the contract as being "between B & G Electric Company and G. E. Bass & Company, Inc." That

---

4. Compare Somers Coal Co. v. United States, D.C.E.D.Ohio 1942, 79 F.Supp. 1009, 1010.

5. See Stevenson v. Mellor, 252 Pa. 219, 97 A. 393, 394.

6. 42 C.J.S. Indemnity § 13 d, p. 586.

7. Quoted as follows in appellant's reply brief:
   " 'There was no contract nor common law obligation on the part of B & G Electric Company to defend the suit for G. E. Bass & Company, *Inc.* nor to pay its expenses in defending such suit.
   \* \* \* \* \*
   " 'There was no proof that G. E. Bass and Company (Note: *not G. E. Bass & Company, Inc.)* had sustained the expense or paid the attorney's fee in question.
   \* \* \* \* \*
   " 'There was no obligation on the part of B & G Electric Company by contract or otherwise to reimburse G. E. Bass and Company, *Inc.* or its surety for this expense or to assume its obligation in the premises.' "

stipulation precludes the appellant from making a contrary contention.

We find no reversible error in the record and the judgment is

Affirmed.