440 F.2d 1213
 D. H. OVERMYER CO., Inc., Plaintiff-Appellant,
v.
John T. LOFLIN, doing business as Loflin Sand & Gravel Company, Defendant-Appellee,
v.
D. H. OVERMYER CO., Inc. (a Mississippi Corporation), Third-Party Defendant-Appellant.
 No. 30401.
 United States Court of Appeals, Fifth Circuit.
 April 5, 1971.
 Rehearing Denied May 20, 1971.
 
 Earl T. Thomas, Jackson, Miss., John P. Garrigan, New York City, Paul Tudor Jones, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for plaintiff-appellant.
 William L. Shumate, New York City, Charles W. Crisler, Jr., Alfred N. Crisler, Crisler & Crisler, Rufus H. Broome, Jackson, Miss., for defendant-appellee.
 Before RIVES, THORNBERRY and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 D. H. Overmyer Co., Inc., an Ohio corporation, plaintiff below, and D. H. Overmyer Co., Inc., a Mississippi corporation, third-party defendant, [hereinafter collectively Overmyer], appeal from a summary judgment in favor of defendant, John T. Loflin, on Counts 1 and 2 of plaintiff's complaint and a joint judgment against plaintiff and third-party defendant on Loflin's counterclaim after a trial to the court on the merits. Both the summary and the plenary judgments were based upon the fact that the parties had entered into an accord and satisfaction of a disputed claim. We affirm.
 
 
 2
 Briefly, the facts are these. Overmyer entered into a prime contract with Green & White Construction Company to construct a warehouse in Jackson, Mississippi. Green & White subcontracted a portion of its undertaking to Loflin. In the written subcontract document Loflin agreed that all work order changes would be in writing. During the course of the construction, Loflin delivered materials and performed services pursuant to oral work order changes which he contends were authorized, required and approved by the job superintendent for Green & White. Subsequently, Green & White fell behind in their progress payments, and another subcontractor filed suit in a Mississippi state court on Green & White's performance and payment bond. Loflin joined in the suit, as required by Mississippi law.[1] Overmyer determined to take over and complete the contract of Green & White and therefore undertook to dispose of the pending litigation and its associated lien claims. In consideration for Loflin's acceptance of a partial deferred payment, release of the liens he held against Overmyer's property, and dismissal of his state court suit with prejudice, Overmyer agreed to settle Loflin's claim against Green & White by paying 10,000 dollars and issuing a note to Loflin for approximately 20,000 dollars. At the same time, Green & White assigned to Overmyer all claims it might have against Loflin. Some thirteen months after this settlement and assignment, Overmyer filed the present suit against Loflin seeking to recover all payments that were made because of work done under oral work order changes.[2] Loflin defended on the ground that the settlement agreement was an accord and satisfaction of all claims that Overmyer held against Loflin. Loflin counterclaimed for the unpaid balance due on the note. The judgments and this appeal therefrom eventuated.
 
 
 3
 Overmyer asserts five points of error in this appeal. First, he argues that Loflin did not sustain his burden of proving an accord and satisfaction. The record demonstrates there is no merit to this contention. Second, Overmyer contends that there was no dispute as to the amount owed to Loflin, and that Loflin was paid exactly what he claimed was owed to him. From this assertion, Overmyer urges that no accord and satisfaction resulted from the mere payment of an undisputed debt. The record again clearly shows that there was no genuine issue of fact as to the existence of a dispute between Loflin on the one hand and Green & White and Overmyer on the other, as to the amount owed to Loflin, and Overmyer's counsel conceded on oral argument that such a dispute in fact existed. As an adjunct to this argument, Overmyer contends thta there was no mutual assent to the accord and satisfaction because neither party knew the amount owed to Loflin. But this contention misconceives the office of an accord and satisfaction. Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits. Thus the presence of an uncertainty here supports rather than detracts from the vitality of this settlement. See Browne v. Merchants Co., 186 Miss. 398, 191 So. 58 (1939); W. J. Perryman & Co. v. Penn Mutual Fire Ins. Co., 324 F.2d 791 (5th Cir. 1963); 15 Am.Jur.2d Compromise and Settlement § 11 (1964).
 
 
 4
 Next Overmyer argues that the payments to Loflin were made through inadvertence and a mistake of fact, and that such inadvertence and mistake vitiated any accord and satisfaction that might otherwise have resulted. The district court held and the record clearly indicates that "[t]he Plaintiff has made no showing whatsoever of any mutual mistake of fact by the parties to the settlement agreement. The only showing made by the Plaintiff, assuming the truth of its affidavit in evidence, is a unilateral negligent mistake on its part in making said payment on May 31, 1967, which furnishes no legal basis for it avoiding the effect of such settlement." The evidence shows that the parties and their attorneys carried on negotiations for settlement of the amount due Loflin over an extended period of time. In addition, both Overmyer and Green & White had engineers and a superintendent on the job which provided the opportunity for Overmyer to acquire knowledge as to the extent of his liabilities.
 
 
 5
 Finally, Overmyer argues that a provision written into the settlement agreement should permit him to recover the payments made to Loflin which were unsupported by documented change orders. The provision states that "[t]he undersigned [Loflin] understands and agrees, however, that his warranties and agreements, as set out in his contracts with Green & White Construction Co., shall remain in full force and effect and D. H. Overmyer Co., Inc. (Miss.) and D. H. Overmyer Co., Inc. (Ohio) may credit to any payments due under said note any damage by either of them sustained by reason of breach of any such warranty or agreement." Overmyer then notes one of the agreements in the contract between Green & White Construction Co. and Loflin was that all work order changes would be in writing. Overmyer argues that all work claimed for under oral change orders was in breach of the agreement and resulted in Overmyer's overpayments. Hence, it contends, that under the recited provision, a recovery may be obtained for these overpayments.
 
 
 6
 The recited provision, however, does not speak in terms which contemplate a right of recovery of payments already made, but only allows credits against payments due under the note. Thus, this provision could only have been used as a defense against Loflin's counterclaim to collect on the note. It is clear that Overmyer neither pleaded nor raised this defense at any stage of the trial court proceedings. In fact, Overmyer did not even appear at the hearing on Loflin's counterclaim and made no active contest of the counterclaim. If Loflin had a defense to this contention, such as express waiver by an authorized agent or ratification, he was never called on to present such proof.
 
 
 7
 In the absence of exceptional circumstances where a miscarriage of justice would result, a condition not present here, questions that were not presented to or passed on by the trial court will not be considered on appeal. Wisconsin Barge Line, Inc. v. Coastal Marine Transport, Inc., 414 F.2d 872 (5th Cir. 1969); B & G Electric Co. v. G. E. Bass & Co., 252 F.2d 698 (5th Cir. 1958). See also J. F. White Contracting Co. v. New England Tank Industries, 393 F.2d 449 (1st Cir. 1968).
 
 
 8
 Therefore, both the summary judgment and judgment on the counterclaim must be
 
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Miss.Code Ann. § 377 (1942)
 
 
 [2]
 A third count sought to recover for the value of work alleged to be defective. It was severed by the court below and is in no wise involved on this appeal