**ZINNAMON ASSOCIATES et al., etc., Plaintiffs-Appellees,**

v.

**Ralph W. SWAFFORD, Defendant-Appellant.**

No. 73–1984.

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1974.

Lee A. Chagra, El Paso, Tex., for defendant-appellant.

Morris A. Galatzan, El Paso, Tex., Albert D. Misler, Edward H. Kerman, Washington, D. C., for plaintiffs-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEAR-ING EN BANC

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Appellant urges us to grant his petition for rehearing because, during the trial of the cause, the judge left the courtroom while testimony was being taken and thus was not present to rule on objections or hear evidence upon which the rights of the parties were determined.

A bench trial was held on August 14, 1972, with the judge present during the entire proceedings. At the conclusion of the trial the court held that the appellees were entitled to relief. Nevertheless, because of the representation of appellant that he had another witness and certain documents that were then unavailable, the court adjourned the trial for one week.

On August 21, 1972, appellant produced his witness but no documents. On this occasion the judge was present during the entire direct examination and through part of the cross examination of appellant's witness. He then informed counsel that he had a jury case going in another courtroom and inquired of them whether they desired to take a recess or continue the taking of testimony without him before another reporter.

Counsel for appellee expressed his desire that the judge be present during his cross examination of the witnesses. Counsel for appellant not only did not object to going forward with the bench trial in the absence of the judge but requested that he be given the privilege of reserving all objections, to be made to the court after the testimony was transcribed. The court advised counsel that he would be available downstairs if a question came up, that a final ruling would be held in abeyance until the transcript was filed and he had an opportunity to read it and consider any objections then to be made by counsel.

Under these circumstances, while we abjure the judge's absenting himself from the courtroom during the bench trial (even though he was engaged in another trial), appellant made no objection to the court's deposition type proceeding and may not therefore now raise this issue for the first time on appeal.

In the absence of exceptional circumstances where a miscarriage of justice would result, a condition not present here, questions that were not presented to or passed on by the trial court will not be considered on appeal. Wisconsin Barge Line, Inc. v. Coastal Marine Transport, Inc., 414 F.2d 872 (5th Cir., 1969); B & G Electric Co. v. G. E. Bass & Co., 252 F.2d 698 (5th Cir. 1958). See also J. F. White Contracting Co. v. New England Tank Industries, 393 F.2d 449 (1st Cir. 1968). D. H. Overmyer Co. v. Loflin, 440 F.2d 1213 (5th Cir., 1971).

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court

having requested that the Court be polled on rehearing en banc, (Rule 15 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.