**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 13, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20434
Summary Calendar

_____

KEVIN L. EVANS,

Plaintiff-Appellant,

versus

PETROLEOS MEXICANOS (PEMEX) and
PEMEX EXPLORACION y PRODUCCION (PEP),

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
No. H-04-1510
_____

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Kevin Evans brings this appeal, challenging the district

court's dismissal of his suit against Appellees Petroleos Mexicanos

("PEMEX") and PEMEX Exploracion y Produccion ("PEP"). Because we

conclude that Evans waived his argument that PEMEX and PEP are not

agencies of the Mexican Government and that Evans has failed to

sufficiently allege facts that would support an exception to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., we AFFIRM.

## I.  Background

This case stems from an injury Evans suffered in 2003 while working on an oil platform in the territorial waters of Mexico.  At the time of his injury, Evans, an American citizen, was employed as a supervisor for Cia. Tesco Corporation ("Tesco"), a Mexican corporation headquartered in Mexico City.  Tesco had contracted with PEP to refurbish an oil platform owned by PEP, and Evans was one of the workers on the project.  While attempting to setup a fiberglass ladder, Evans stepped into an exposed hole in the platform and fell; he alleges that he suffered severe, permanent, and disabling injuries as a result of Appellees' negligence.

Evans sued PEMEX and PEP[1] for damages in the Southern District of Texas.  The Appellees responded that they were decentralized public entities of the Mexican Government and were entitled to sovereign immunity under FSIA; Evans had asserted in his original complaint that jurisdiction was proper under the "commercial activities" exception to FSIA.  28 U.S.C. § 1605(a)(2).  The Appellees then moved to dismiss Evans's complaint pursuant to

---

[1]     PEP is a subsidiary of PEMEX.

FED. R. CIV. P. 12(b)(1) and 12(b)(2) for lack of subject matter and personal jurisdiction, respectively. The district court found that PEMEX and PEP were agencies of the Mexican government within the meaning of FSIA and that Evans had not alleged or otherwise explained how the "commercial activities" exception to FSIA would apply to his case; as a result, the court dismissed Evans's case. Evans brought this timely appeal, which may be heard pursuant to 28 U.S.C. § 1291.

## II. Discussion

This court reviews a district court's dismissal for lack of FSIA jurisdiction de novo. United States v. Moats, 961 F.2d 1198, 1205 (5th Cir. 1992). The FSIA provides the sole source of subject matter jurisdiction in suits against a foreign state. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-39, 109 S. Ct. 683, 688-91 (1989). As a general matter, foreign states and their agencies are immune from the jurisdiction of courts in the United States. 28 U.S.C. § 1604; see also Byrd v. Corp. Forestal y Indus. de Olancho S.A., 182 F.3d 380, 388 (5th Cir. 1999). However, 28 U.S.C. §§ 1605-07 provide exceptions that allow the American courts to exercise jurisdiction over foreign states.

Evans first argues that PEMEX and PEP are not agencies of the Mexican Government, and are therefore not entitled to FSIA

protection. In its opinion, the district court noted that there was "no dispute in this case that Defendants are agencies of the Mexican government within the meaning of" FSIA. (Dist. Ct. Op. 1). This is because in his first amended complaint, Evans conceded that PEMEX and PEP were "decentralized public entities of the Mexican Government." (Appellee Record Excerpts at 41). Further, in his reply to Appellees' motion to dismiss, Evans did not change his position on Appellees' status; instead, he asserted that he needed to conduct further discovery to develop his claims. For the first time on appeal, Evans now asserts that the Appellees, particularly PEP, ceased being instrumentalities of the Mexican Government following a restructuring in 1992. Barring the "absence of exceptional circumstances which would result in a miscarriage of justice, a condition not present here, questions not presented to the trial court will not be considered on appeal." C.F. Dahlberg & Co. v. Chevron U.S.A., Inc., 836 F.2d 915, 920 (5th Cir. 1988)(citing D.H. Overmyer Co. v. Loflin, 440 F.2d 1213, 1215 (5th Cir. 1971)). Evans has waived this argument, and this court will not consider his claims that PEMEX and PEP are no longer agencies of the Mexican Government.

Next, there is the issue of whether Evans adequately pleaded an exception to FSIA. Under FSIA, an American court can only exercise jurisdiction over a foreign sovereign where an

-4-

exception to sovereign immunity applies.  Evans claims that an exception to sovereign immunity exists in this case pursuant to 28 U.S.C. § 1605(a)(2), the "commercial activities" exception to FSIA. 28 U.S.C. § 1605(a)(2) states that a sovereign is not immune to the jurisdiction of the United States Courts where:

> the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

In order to successfully invoke one of the three "commercial activities" exceptions to FSIA, a plaintiff must demonstrate the "jurisdictional nexus necessary to support subject matter jurisdiction in this country." Arriba, Ltd. v. Petroleos Mexicanos, 962 F.2d 528, 533 (5th Cir. 1992).  Generalized and conclusory allegations that the § 1605(a)(2) exceptions apply are not sufficient to establish a jurisdictional nexus.

Although both PEMEX and PEP carry out commercial activities in the United States, Evans's cause of action is based upon a tort that occurred in Mexico, as part of one Mexican corporation providing services to another.  Thus, the first prong of § 1605(a)(2) cannot be met based upon the facts alleged in Evans's complaint.  The second, "in connection with," prong

-5-

requires that "the plaintiff's action . . . be based upon the '<u>act performed in the United States</u> in connection with a commercial activity of the foreign state elsewhere.' Thus, [a] material connection . . . must exist between the plaintiff's cause of action and the <u>act performed in the United States</u>." <u>Stena Rederi AB v. Comision de Contratos</u>, 923 F.2d 380, 388 (5th Cir. 1991)(quoting 28 U.S.C. § 1605(a)(2)). Even accepting as true Evans's claim that an American-made "iron rough neck" was to be installed for PEP at the site of his injury, this fact alone is insufficiently connected to Evans's fall, which was allegedly caused by the negligence of Appellees. Finally, the "direct effect" prong only applies to "foreign conduct that causes a 'substantial' and 'direct and foreseeable' effect in the United States. <u>Id.</u> at 390 (quoting <u>Zernicek v. Brown & Root, Inc.</u>, 826 F.2d 415, 417-18 (5th Cir. 1987)). Accepting Evans's allegations as true, he still comes nowhere near alleging conduct that could cause a "substantial" and "direct and foreseeable" effect in the United States.

Evans argues that he should be allowed to proceed with discovery. In so arguing, he fails to appreciate the broad scope of protections that sovereign immunity affords a defendant. Sovereign immunity comprises more than just immunity from liability; rather, it is "an immunity from the burdens of becoming involved in any part of the litigation process." <u>Moats</u>, 961 F.2d

-6-

at 1203. As the facts alleged by Evans are insufficient to support a § 1605(a)(2) exception to FSIA, Evans is not entitled to burden Appellees with the lengthy and costly process of discovery to build his case. As such, the district court did not err in dismissing Evans's claims for lack of jurisdiction.

## III. Conclusion

Evans waived his argument that PEMEX and PEP were not agencies of the Mexican Government, and he otherwise fails to provide any specific allegations that an exception to FSIA applies to his case. Therefore, the decision of the district court is AFFIRMED.